[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 56.]

**THE STATE OF OHIO, APPELLANT, *v*. ECONOMO, APPELLEE.**

**[Cite as *State v. Economo*, 1996-Ohio-426.]**

*Criminal law—Sexual imposition—Evidence—Corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused and need not go to every essential element of the crime charged—Corroboration requirement of R.C. 2907.06(B) is a threshold inquiry of legal sufficiency to be determined by trial judge.*

The corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory.

(No. 95-53—Submitted February 20, 1996—Decided July 10, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 66408.

———————

{¶ 1} Nicholas Economo, M.D., was convicted of two counts of sexual imposition,[1] pursuant to R.C. 2907.06, for sexual contact with Bonnebell Doman, one of his patients. Doman alleged that the sexual contact occurred during visits to Economo's office on July 3 and 6, 1992. Doman was twenty-three years old when the incidents occurred, and she had been treated by Economo since age fourteen, first for injuries sustained in an accident and later for various medical conditions.

{¶ 2} On July 3 and 6, 1992, Doman went to Economo's office to receive injections and ultrasound treatments. Doman testified that during these two visits

———————

1. Economo was originally indicted on two counts of gross sexual imposition, R.C. 2907.05, but following the trial court's ruling that the state had failed to prove the necessary element of force, the case proceeded on the lesser included offense of sexual imposition.

Economo inappropriately touched her; specifically she claimed he massaged her breast and vaginal areas and, through his pants, he brushed his erect penis against her arm. The only other witness to testify at trial was Doman's sister Ann Watt. Watt testified that she accompanied Doman to Economo's office on July 10, 1992, because Doman "was upset because he was touching her." Although Doman asked Watt to go into the examination room with her, Watt declined to do so. Watt testified that when Doman left the examination room she was "on the verge of crying."

**{¶ 3}** At the close of the evidence Economo moved for acquittal on the grounds that no corroborating testimony had been presented, as required by R.C. 2907.06(B). The trial court overruled the motion and found Economo guilty on both counts.[2] Economo appealed, and the court of appeals reversed the convictions, finding an absence of corroborating evidence.

**{¶ 4}** This cause is now before the court upon the allowance of a discretionary appeal.

———————————

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *George J. Sadd*, Assistant Prosecuting Attorney, for appellant.

*Arthur P. Lambros* and *Thomas Paris*, for appellee.

———————————

**COOK, J.**

I

**{¶ 5}** R.C. 2907.06(B) states: "No person shall be convicted of a violation of this section [sexual imposition[3]] solely upon the victim's testimony unsupported by other evidence."

———————————

2. Economo waived his right to a jury trial and his case was tried to the court.

3. R.C. 2907.06, Sexual Imposition, states:

**{¶ 6}** With this opinion we answer the question of what quality of evidence will satisfy the "other evidence" or corroboration requirement of R.C. 2907.06(B). As addressed later, corroboration requirements such as the one in R.C. 2907.06(B) are rare.[4] We are aware of no other sections of the current Ohio criminal code mandating corroboration of a *victim's* testimony as a prerequisite to conviction.[5] For guidance, we look to this court's interpretation of code sections (now amended or repealed) necessitating corroboration and the decisions of other states that have examined similar corroboration requirements.

**{¶ 7}** In *State v. Pearson,* a 1980 case dealing with the statutory demand for corroboration of accomplice testimony in complicity cases,[6] this court stated:

---

"(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

"(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

"(2) The offender knows that the other person's, or one of the other person's, ability to appraise the nature of or control the offender's or touching person's conduct is substantially impaired.

"(3) The offender knows that the other person, or one of the other persons, submits because of being unaware of the sexual contact.

"(4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person.

"(B) No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence.

"(C) Whoever violates this section is guilty of sexual imposition, a misdemeanor of the third degree."

4. "The rule that unsupported testimony of the victim is not sufficient to support a sexual assault conviction did not exist at common law. 7 J. Wigmore, Evidence § 2061, at 451 [Chadbour Re. Ed. 1978]. Rather, the corroboration requirement in Ohio is a legislatively created rule." *State v. Economo* (Dec. 8, 1994), Cuyahoga App. No. 66408, unreported, at 6, fn. 1 (Nugent, J., dissenting).

5. R.C. 2923.01(H)(1) requires corroboration of a *conspirator's* testimony in the prosecution of his coconspirator, and R.C. 2921.11(E) states that no person shall be convicted of perjury "where proof of falsity rests solely upon contradiction by testimony of one person other than the defendant."

6. That requirement was repealed and replaced with language mandating a cautionary jury instruction explaining that the "complicity of a witness may affect his credibility and make his testimony subject to grave suspicion." R.C. 2923.03(D).

"[I]n order for the prosecution to satisfy the corroboration requirement of R.C. 2923.03(D), independent evidence must support an accomplice's testimony, and *must tend to connect the accused with the alleged crime* or must tend to identify the accused as a guilty actor." (Emphasis added.) *State v. Pearson* (1980), 62 Ohio St.2d 291, 295, 16 O.O.3d 332, 334, 405 N.E.2d 296, 299.

{¶ 8} Seventy years earlier, when addressing an instruction cautioning the jury against convicting on the uncorroborated evidence of an accomplice, this court stated:

"It is not necessary that the crime charged be proven independently of the testimony of the accomplice, or that the testimony of the accomplice be corroborated in every particular in order that it may be said to be corroborated, *but only that there be circumstantial evidence, or testimony of some witness other then the accomplice, tending to connect the defendant with the crime charged and to prove some of the material facts testified to by the accomplice."* (Emphasis added.) *State v. Robinson* (1910), 83 Ohio St. 136, 143, 93 N.E. 623, 625.

{¶ 9} Similarly, in a recent Georgia case applying a statute requiring corroboration of a victim's testimony in a statutory rape case, the court said:

"[I]t is well settled that it is not necessary that the child be corroborated as to every essential element of the crime, or that it establish the defendant's guilt, but only that the corroborating evidence tend to establish his guilt and be of "'such a character and quality as tends to prove the guilt of the accused by connecting him with the crime.'" *Chambers v. State* [1977], 141 Ga. App. 438, 439 (233 S.E.2d 818), rev'd on other grounds, 240 Ga. 76 (239 S.E.2d 324). Moreover, the quantum of corroboration needed is not that which is in itself sufficient to convict the accused, "'but only that amount of independent evidence which tends to prove that the incident occurred as alleged. *** Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury."*

[Emphasis added in part.] (Cit.)' *Hill v. State* (1981), 159 Ga.App. 489, 490, 283 S.E.2d 703." *Timmons v. State* (1987), 182 Ga.App. 556, 557, 356 S.E.2d 523, 524.

{¶ 10} In a prosecution for assault with intent to commit rape, the District of Columbia Court of Appeals found sufficient evidence to satisfy a corroboration requirement, stating:

"To be legally sufficient, the corroboration need only consist of 'circumstances which tend to support the victim's testimony.' *Evans v. United States*, D.C.App., 299 A.2d 136, 139 (1939). ***

" *** For example, reasonably prompt reporting of the incident to one's family, friends or police is considered corroboration here." (Footnote omitted.) *Fitzgerald v. United States* (1982), 443 A.2d 1295, 1301-1302.

{¶ 11} The *Fitzgerald* case is a suitable example of the minimal evidence necessary to fulfill a victim-corroboration requirement. In *Fitzgerald*, there was evidence that the victim ran to her room crying when she returned from a car ride with the defendant during which he allegedly attempted to rape her. The victim complained that her head hurt, which confirmed her testimony that her head had struck the sidewalk when she fell from the defendant's car during commission of the sexual offense. The victim told her friend about the incident the next day. This evidence was sufficient to satisfy the need for corroboration.

{¶ 12} These cases illustrate that a corroboration requirement does not mandate proof of the facts which are the very substance of the crime charged, as held by a majority of the appellate court in this case. The corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory. The corroboration requirement of R.C. 2907.06(B) is a threshold inquiry of legal sufficiency to be determined by the trial judge, not a

question of proof, which is the province of the factfinder.  See *State v. Robinson,* 83 Ohio St. at 143, 93 N.E. at 625.

{¶ 13} We find that the corroborating evidence in the case before us satisfies R.C. 2907.06(B).  First, it is undisputed and supported by the medical records that Economo and Doman had a physician-patient relationship from 1986 through July 10, 1992 and the medical records indicate that Doman was treated by Economo on July 6, 1992.  Watt testified that when she and Doman arrived at Economo's office on July 10, 1992, Doman was scared and upset and Doman asked Watt to come into the examination room so that Economo would refrain from touching her.  Watt also testified that when Doman left the examination room she was on the verge of crying.

{¶ 14} This other evidence, although independently insufficient to convict Economo, tends to support  Doman's testimony.   The medical records evidence an opportunity for Economo to commit the offense, and Watt's testimony shows that Doman was afraid of being alone with Economo.  The fact that Watt accompanied Doman to the doctor's office on July 10, permits a reasonable inference that Doman reported the alleged sexual activity to her within seven days of the first incident (July 3) and four days of the second (July 6).

{¶ 15} Accordingly, we find that Watt's testimony and the medical records constitute sufficient slight circumstances which tend to support Doman's testimony.  Once the threshold of sufficient corroborative evidence was crossed, it was up to the factfinder to determine whether there was proof beyond a reasonable doubt to support the sexual imposition charges.  Here there was a finding of sufficient evidence to support the charges, so the convictions should have been affirmed.

II

{¶ 16} In its second proposition of law, the state asks us to "abolish" the corroboration requirement of R.C. 2907.06(B).  In its argument in support it gives

no reason for striking down the requirement, only reasons for thinking it to be unwise legislation. We therefore reject this proposition of law and do not strike down the corroboration requirement, even though we agree that it represents waning attitudes toward victims of sexual offenses. The following portion of the dissenting opinion of Judge Nugent in this case so clearly expresses the view of this court that we adopt it:

"[I]t is important to first note that an accused in Ohio can be convicted on the uncorroborated testimony of the victim in substantially all criminal cases, including rape, felonious sexual penetration, sexual battery, gross sexual imposition, all forms of assault, etc. So why did the Ohio General Assembly legislatively predetermine that a class of witnesses, that is, those people complaining of sexual imposition, is not entitled to the same credibility accorded a complainant testifying about a crime other than sexual imposition?

"The Legislative Service Commission's comment to R.C. 2907.06 specifically states that the corroboration rule is justified because of the ease with which this crime may be abused in prosecution. Although the commission's comment does not elaborate on just how or why this charge may be abused in prosecution any more than any other criminal charge in which it is the complainant's word against the defendant's word, it is safe to assume that this belief has its roots, at least in part, in the historical justifications given by other states for requiring corroboration in sex offense cases, that is, (1) the ease of fabrication and the irreversible damage to the reputation of one falsely accused, and (2) the chance of conviction solely because of the emotional reaction of the factfinder to the alleged facts of the charge. See An Evaluation of Nebraska's Corroboration Requirement, 21 Creighton Law Review (1989) 601; The Rape Corroboration Requirement: Repeal Not Reform, 81 Yale L.J. (1972) 1365. These justifications, however, seem insubstantial in light of available evidence which indicates that it is more difficult to convict for sex crime charges than for other categories of crime. See *People v.*

*Rincon-Pineda* (1975), [14 Cal. 3d 864, 123 Cal.Rptr. 119] 538 P.2d 247; Rape Corroboration Requirement, *supra*, at 1382-1384.

"As to the first justification, there is no empirical evidence verifying that sex crime charges are frequently falsified or that complainants of sex crimes are an inherently unreliable category of complainants whose testimony should not be believed in the absence of corroboration. Rape Corroboration Requirement, *supra*, at 1373-1378; An Evaluation of Nebraska's Corroboration Requirement, *supra*, at 614-615.

"As to the second justification, that corroboration is required, supposedly, because sex offenses are easier to prosecute because of the factfinder's sympathy for the victim, one must question the validity of this assertion given that the evidence reveals a tendency for juries to sympathize more with the accused, especially if the defendant and the complainant were acquainted with each other prior to criminal charges being brought. \*\*\* Rape Corroboration Requirement, *supra*, at 1378-1379.

"On the other hand, the rationale against a corroboration requirement, that it inhibits the successful prosecution of a sex crime, seems indisputable. As stated previously, due to the nature of sex crimes, eyewitnesses are rarely available. Additionally, as a charge of sexual imposition does not involve force, there is less of a chance that the victim will have bruises or torn clothing, which would otherwise corroborate the crime.

"Moreover, elimination of the corroboration requirement hardly leaves defendants unprotected against unjust convictions. The defendant is entitled to all of the established safeguards of our criminal justice system, *e.g*., the presumption of innocence, the right not to incriminate oneself, the right to the effective assistance of counsel, etc. In addition, it is the trial judge's responsibility to charge the jury as to the government's burden of proving all essential elements of the offense beyond a reasonable doubt. Finally, protection against unjust convictions

on a case-by-case basis is afforded defendants by the general rule that judgments of acquittal or reversals of conviction must be granted where sufficient evidence does not exist to support a guilty verdict, whether or not independent corroboration is technically present. Crim.R. 29; *State v. Jenks* (1991), 61 Ohio St.3d 259, [574 N.E.2d 492]. Given these safeguards, which are adequate in virtually every other type of prosecution, *** [we] have no reluctance in advocating the abolishment of the corroboration requirement of R.C. 2907.06 and leaving to the trial court, whose paramount obligation is always to see that justice is done, the initial responsibility of ensuring that a conviction for sexual imposition is based on sufficient evidence."

{¶ 17} Based on our determination that there was sufficient corroborating evidence in this case to satisfy R.C. 2907.06(B), we reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., and F.E. SWEENEY, J., concur.

DOUGLAS and RESNICK, JJ., concur separately.

PAINTER and PFEIFER, JJ., dissent.

MARK P. PAINTER, J., of the First Appellate District, sitting for WRIGHT, J.

————————————

**ALICE ROBIE RESNICK, J., concurring.**

{¶ 18} I concur in the syllabus and the judgment, but write separately in order to more fully discuss the issue of corroboration as found in R.C. 2907.06.

{¶ 19} When reviewing appellate court cases that have applied the corroboration requirement of R.C. 2907.06(B), it becomes readily apparent that the courts throughout the state have been applying drastically varying standards. In fact, four distinct standards are discernible:

- Corroborating evidence must "go to the very substance or foundation of the crime--in effect, the *corpus delicti*." *State v. Morris* (Dec. 30, 1994), Lake App. No. 93-L-157, unreported, at 12, citing *State v. Fawn* (1983), 12 Ohio App.3d 25, 27, 12 OBR 111, 113, 465 N.E.2d 896, 900; *State v. Ervin* (Aug. 25, 1987), Jackson App. No. 551, unreported. See, also, *State v. Jacobs* (Mar. 29, 1996), Geauga App. No. 95-G-1930, unreported, at *4; *State v. Economo* (Dec. 8, 1994), Cuyahoga App. No. 66408, unreported, at 5-6; *State v. Krause* (May 28, 1993), Columbiana App. No. 92-C-25, unreported.

- Corroborative evidence must be eyewitness testimony concerning the actual sexual acts alleged. *State v. Leeper* (Dec. 30, 1993), Harrison App. No. 446, unreported; *State v. Gardner* (Apr. 24, 1985), Hamilton App. No. C-840522, unreported.

- Corroborative evidence need only tend to lend some credence to the victim's accusations or to at least connect the defendant with the alleged crime. *State v. Talbert* (1986), 33 Ohio App.3d 282, 287, 515 N.E.2d 968, 973. See, also, *State v. Boyer* (Mar. 25, 1994), Lucas App. No. L-93-176, unreported (Although the court did not detail just what evidence it found to be corroborative, in its summary of the evidence presented at trial, there is no evidence other than the victim's testimony that would directly establish the sexual acts.).

- The victim's testimony need only be corroborated in "some material respect." *State v. Pelok* (Mar. 25, 1994), Fulton App. No. 93FU000009, unreported, at 8 (The court held that because the factual issue of whether the lights in the room were on or off was a material issue of great dispute, testimony which corroborated the victim's testimony that the room was dark was sufficient corroboration.). See, also, *Economo*, Cuyahoga App. No. 66408, unreported (Nugent, J., dissenting); *State v. Artman* (Oct. 13, 1981), Lake App. No. 8-124, unreported; *State v. Arnold* (July 25, 1979), Summit App. No. 9226, unreported.

{¶ 20} After considering the diverse interpretations of the corroborative-evidence requirement being applied throughout the state, I agree with the syllabus. It never was the intention of the legislature to require, in addition to the victim's testimony, proof independently sufficient to convict an accused. Rather, any evidence which supports the victim's testimony is sufficient, no matter how slight. Evidence which tends to make it more reasonable to believe the testimony of the victim will suffice.

{¶ 21} Having made the foregoing observation, however, I firmly believe that corroboration is unnecessary. There are many crimes that "may be particularly susceptible to abuse in prosecution," in the words of the Legislative Service Commission's comment, yet the General Assembly has seen fit to require corroboration only for this crime. The criminal justice system contains many safeguards to protect against such abuses. It is not necessary to create such an artificial protection. It cannot be said more clearly and accurately than Judge Nugent stated in his dissent:

"Moreover, elimination of the corroboration requirement hardly leaves defendants unprotected against unjust convictions. The defendant is entitled to all of the established safeguards of our criminal justice system, *e.g.*, the presumption of innocence, the right not to incriminate oneself, the right to the effective assistance of counsel, etc. In addition, it is the trial judge's responsibility to charge

the jury as to the government's burden of proving all essential elements of the offense beyond a reasonable doubt. Finally, protection against unjust convictions on a case-by-case basis is afforded defendants by the general rule that judgments of acquittal or reversals of conviction must be granted where sufficient evidence does not exist to support a guilty verdict, whether or not independent corroboration is technically present. Crim.R. 29; *State v. Jenks* (1991), 61 Ohio St.3d 259 [574 N.E.2d 492]. Given these safeguards, which are adequate in virtually every other type of prosecution, but see R.C. 2923.01(H)(1), I have no reluctance in advocating the abolishment of the corroboration requirement of R.C. 2907.06 and leaving to the trial court, whose paramount obligation is always to see that justice is done, the initial responsibility of ensuring that a conviction for sexual imposition is based on sufficient evidence." *State v. Economo* (Dec. 18, 1994), Cuyahoga App. No. 66408, unreported, at 8-9 (Nugent, J., dissenting).

{¶ 22} I strongly recommend that the General Assembly eliminate this requirement of corroboration from R.C. 2907.06. There already exist many safeguards to prevent abuse of prosecution, and the requirement of corroborative evidence is simply confusing and is an unnecessary protection.

DOUGLAS, J., concurs in the foregoing concurring opinion.

———————————

**PAINTER, J., dissenting.**

{¶ 23} R.C. 2907.06(B) states: "No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence." We must follow the law as written by the legislature, whether we like it or not. The majority decision in effect removes this section from the books.

{¶ 24} The state agrues that R.C. 2907.06(B) requires only that the other evidence must tend to prove some material element of the offense, citing *State v. Maranda* (1916), 94 Ohio St. 364, 114 N.E. 1038. In contrast, Economo argues that the other evidence must go to the nature or foundation of the crime. *State v.*

*Fawn* (1983), 12 Ohio App.3d 24, 12 OBR 111, 465 N.E.2d 896. We always must be guided by R.C. 2901.04(A), which requires that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The majority opinion construes R.C. 2907.06(B) strictly against the accused, by construing it out of the law altogether. By the standard promulgated today, it is difficult to imagine a case where the legislature's enactment would be viable.

**{¶ 25}** I would hold that if any evidence exists that in some way connects the defendant *with the crime* charged, then the R.C. 2907.06(B) threshold is crossed and the trier of fact can make a determination based on the credibility of the witnesses. See, *e.g., State v. Allsup* (1980), 67 Ohio App.2d 131, 21 O.O.3d 439, 426 N.E.2d 499. Here, the other evidence merely connects the defendant with his patient in a perfectly normal setting -- a clinical visit for treatment. It no more connects the defendant with the crime of sexual imposition than an almanac would connect a defendant to a crime that happened in the daytime.

**{¶ 26}** Because the majority decision changes the statutory law by judicial fiat, I respectfully dissent.

PFEIFER, J., concurs in the foregoing dissenting opinion.

—————————————