OPINION
Defendant Louis Lugo appeals a judgment of the Court of Common Pleas of Licking County, Ohio, convicting and sentencing him on three counts of gross sexual imposition in violation of R.C.2907.05 and one count of sexual imposition in violation of R.C.2907.06, after a jury verdict. Appellant assigns eight errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL AS TO COUNT THREE (3) OF THE INDICTMENT.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN INSTRUCTIONS TO THE JURY AS TO LAW PERTAINING TO COUNT THREE (3) OF THE INDICTMENT.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN DENYING DEFENDANT MOTION FOR ACQUITTAL AS TO COUNT FOUR (4) OF THE INDICTMENT.
 ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ERRED IN INSTRUCTIONS TO THE JURY AS TO LAW PERTAINING TO COUNT FOUR (4) OF THE INDICTMENT.
 ASSIGNMENT OF ERROR NO. 5
 THE TRIAL COURT ERRED IN NOT DIRECTING A MISTRIAL ON IT'S OWN MOTION AND ALLOWING TO REMAIN A PART OF THE RECORD TESTIMONY ELICITED BY THE STATE IN VIOLATION OF THE COURT'S EARLIER RULING PERTAINING TO SEC. 2907.05 ORC. (RAPE SHIELD LAW)
 ASSIGNMENT OF ERROR NO. 6
 THE TRIAL COURT ERRED IN FAILING TO RULE ON ALL PENDING MOTIONS AND FAILING TO MAINTAIN A COMPLETE RECORD FOR REVIEW AS TO CERTAIN RULINGS.
 ASSIGNMENT OF ERROR NO. 7
 DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S ERRONEOUS ACTS AND OMISSIONS, IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 ASSIGNMENT OF ERROR NO. 8
 DEFENDANT'S CONVICTIONS AS TO ALL FOUR (4) COUNTS OF THE INDICTMENT WERE ERRONEOUS AS TO COUNTS THREE (3) AND FOUR (4) AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS TO COUNTS ONE (1) AND TWO (2).
Appellant was indicted for having sexual contact with Olivia, Jennifer, and Brandy, three girls who attended his Karate classes. Olivia and Jennifer were alleged to be twelve years old at the time, and Brandy was fifteen years old at the time of the incident. The three gross sexual imposition charges involved allegations appellant fondled the girls' breasts on various occasions, while count three of the indictment alleged appellant had kissed Jennifer on the lips. The State called each of the children to testify at trial, as well as various other witnesses. Appellant's defense was that the allegations were not true, and were made because of a dispute with Olivia's parents.
 I and II
These assignments of error deal with the third count of the indictment, wherein the State alleged appellant had sexual contact with Jennifer, a child less than thirteen years of age, by kissing her. Jennifer testified on one occasion, appellant held her hand and gave her a "french kiss". The Prosecutor did not inquire of Jennifer exactly what she meant by the term, and appellant argues the jury was left to speculate regarding what exactly occurred. No testimony was offered the kiss was intended for sexual gratification.
Appellant moved for an acquittal on this charge, but the trial court overruled the motion. The court instructed the jury before it retired to deliberate. The court charged the jury that sexual contact is defined as any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing and gratifying either person. The court further charged the jury purpose was essential element of the crime, and a person acts purposely when it is his specific intention to cause a certain result. The court charged the jury that in the first count, the jury must find appellant had a specific intent to have contact with Olivia in order to sexually arouse or gratify either Olivia or himself. The court reminded the jury that if the State failed to prove beyond a reasonable doubt any one of the essential elements of gross sexual imposition, the verdict must be not guilty.
The court proceeded to charge the jury on the remaining counts. When the court reached the third count, it charged the jury ". . . before you can find the defendant guilty, you must find beyond a reasonable doubt that between the first day of May, 1997 and twenty third day of July, 1997, in Licking County, Ohio, the defendant had sexual contact with Jennifer, * * * not the spouse of the defendant, by kissing the lips of Jennifer . . . ."
The issue raised by the first two assignments of error is whether kissing alone, absent other acts of touching, constitutes sexual contact for the purpose of conviction on sexual imposition.
Both appellant and the State cite us to numerous cases, wherein courts have struggled with the questions surrounding kissing. Generally speaking, most cases involve kissing, coupled with other acts, and convictions for sexual contact in those cases did not necessarily imply kissing alone would be sufficient to support a conviction.
Appellant cites us to State v. Wise (January 29, 1993), Wood App. No. 91WD113, unreported. In that case, Thomas Wise was accused of grabbing a thirteen year old girl and pulling her into his home. Appellant allegedly threw her onto her back on his bed, kissed her on the forehead, cheeks, and lips, and then inserted his tongue into her mouth. Appellant then straddled the child and began to reach for her chest, but at this point, she picked up a golf club from the floor and struck him in the chest. His reaction to this blow permitted her to escape from the house.
The trial court in Wise instructed the jury that the definition of an erogenous zone in the Revised Code described various parts of the body, and provided as part of the definition the description was without limitation. The court advised the jury this means other parts of the human body may be erogenous zones under certain circumstances, and the jury had to find, based on the manner the touching was done, whether the purpose of the touching or kissing was for sexual gratification. Thus, the court specifically instructed the jury if it found Thomas Wise kissed the child, it must also determine whether this constituted the touching of an erogenous zone. The jury decided it was, and returned a verdict of guilty. On appeal, Thomas Wise argued the instruction required the jury to find the mouth is an erogenous zone. The court of appeals rejected this argument, and found it was clear that the jury was asked to determine whether or not, given the circumstances of the case, the mouth was an erogenous zone. The Wood County Court of Appeals affirmed the appellant's conviction.
Pursuant to Crim R. 29, a court should enter a judgment of acquittal if it determines the evidence is insufficient as a matter of law to support a conviction. We conclude the court did not err in overruling appellant's motion for acquittal as argued in assignment of error I. We find the issue requires the jury to make a factual determination based upon the particular facts of the case regarding whether this activity is sexual conduct.
In assignment of error II, appellant argues the court's instruction informed the jury if it found appellant had kissed Jennifer's lips, then he was guilty of sexual contact.
Although the court instructed the jury on the elements of the crime charged, we find the jury could have construed the charge to be that kissing constituted sexual contact as a matter of law.
We find the court should have instructed the jury before it could find appellant guilty of sexual imposition, it must find appellant kissed Jennifer on the lips, and under the specific facts and circumstances of the case, that the kiss constituted contact with an erogenous zone with the specific purpose of providing sexual gratification. Because the court's instruction does not make it clear to the jury it could believe the appellant actually kissed Jennifer on the lips, but could nevertheless find he did not engage in sexual contact on that particular occasion with Jennifer, we find the court's instructions were insufficient. The first assignment of error is overruled, but the second assignment of error is sustained.
 III and IV
Next, appellant takes issue with the fourth count of the indictment, which alleged he had sexual contact with Brandy, who was fifteen years old. Appellant was alleged to have touched Brandy's breasts.
R.C. 2907.06 provides no person may be convicted of a violation of this section solely upon the victim's testimony and unsupported by other evidence. Appellant argues there were no witnesses to the sexual contact and no corroborating evidence, and for this reason, the court should have acquitted him rather than referring the matter to a jury. Appellant also challenges the jury instructions.
In State v. Economo (1996), 76 Ohio St.3d 56, the Ohio Supreme Court held corroborating evidence necessary to satisfy the requirements of R.C. 2907.06(B) need not be independently sufficient to sustain a conviction, and need not go to every essential element of the crime charged. The court found slight circumstances or evidence tending to support the victim's testimony is sufficient.
The State urges there is ample corroboration in the case at bar. Brandy testified the appellant had conducted a private Karate lesson with her, during which time he touched her breast. Thereafter, Brandy told her mother she wanted to quit Karate. The State called Brandy's mother, who testified Brandy had had private lessons with the appellant, and Brandy had told her mother of the alleged abuse. Appellant also admitted he had been Brandy's instructor during the time alleged.
In Economo, supra, the Supreme Court found the corroboration requirement is a question going to the legal sufficiency of the evidence, to be determined by the trial court, rather than a question for the fact finder to review.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court recently delineated the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court stated the distinctions are both qualitative and quantitative in nature. The notion of the sufficiency of the evidence refers to the legal standard which is applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law,Thompkins at 386, citations deleted. However, even if a judgment is supported by sufficient evidence, the judgment may nevertheless be against the weight of the evidence, which refers to the amount of credible evidence offered in a trial on one side of an issue,Thompkins at 387, citations deleted.
We find the trial court did not err in refusing to enter a judgment of acquittal as to count four of the indictment, because there was sufficient corroborative evidence to permit the court to submit the matter to the jury.
Appellant also argues the jury was not instructed to make a special finding of age. The State points out in Brandy's case, the age of the victim did not require a special finding because it did not change the degree of the offense.
The third and fourth assignments of error are overruled.
 V
In his fifth assignment of error, appellant asserts the trial court improperly permitted the State to call a witness in rebuttal to the testimony of one of appellant's defense witness. Defense witness Lisa Thompson testified on behalf of appellant. On cross, she denied ever telling the police she was afraid of appellant. The prosecution called Detective Connie White in rebuttal, and Detective White testified she questioned Thompson regarding whether she had been a victim of appellant. Detective White testified Thompson was withdrawn, nervous and agitated, and told the detective she was very fearful of appellant.
The trial court gave a limiting instruction to the jury, informing it Detective White's testimony regarding Thompson's answer was admitted for the limited purpose of impeaching Thompson's testimony. The court further explained impeachment occurs when someone has said something different than her earlier testimony.
Evid.R. 607 permits a witness's credibility to be attacked by means of a prior inconsistent statement. The State also points out the testimony in question did not refer to a sexual matter.
We find the court properly admitted this evidence for the limited purpose. Accordingly, the fifth assignment of error is overruled.
 VI
Appellant argues the court failed to rule on all pending motions and failed to maintain a complete record for review regarding certain of its rulings. Appellant argues there were numerous side conferences held which are outside the record. The court apparently sustained the motion to strike certain testimony of a State's witness, but appellant argues the transcript and record of the case fails to show certain rulings or the testimony that was stricken.
App.R. 9(C) provides a vehicle whereby a party who believes the record on appeal contains discrepancy or omissions to correct or supplement the record. Appellant has failed to utilize App.R. 9(C) and has failed to meet his burden, pursuant to App.R. 12, to identify in the record the err upon which the assignment of error is based.
We find appellant has waived his right to have this issue reviewed. The sixth assignment of error is overruled.
 VII
Appellant asserts he was deprived of the effective assistance of counsel as guaranteed by the United States and Ohio Constitutions. Appellant cites numerous acts and omissions which he urges constitutes ineffective assistance of counsel. For example, during voir dire, defense counsel informed the venire he had left the list of defense witnesses in his car. Appellant asserts the jury was amused to observe the prosecutor give defense counsel a list of defense witnesses. Also during voir dire,
defense counsel asked a complicated question which confused one of the potential jurors and required the court to intervene.
Defense counsel also examined appellant regarding his religious beliefs, and permitted appellant to explain to the jury he had been a bad person prior to his religious conversion. Appellant asserts defense counsel alleged many objections with the court, which he could not support with a legal basis, resulting in the court overruling the motions. Finally, appellant argues the jury instructions alluded to in II and IV, supra, were improper, and counsel failed to object.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test for courts to utilize in reviewing claims of ineffective assistance of counsel. First, the appellant must show counsel's performance has fallen below an objective standard of reasonable representation, and secondly, the appellant must show he was actually prejudiced by counsel's defective performance. Ohio uses the Strickland test, see State v. Bradley (1989), 42 Ohio St.3d 136.
Regarding the specific assertions of ineffective assistance of counsel, we find the complaints lodged against defense counsel's voir dire performance are trivial, and did not fall below an objective standard of reasonable representation.
Presenting testimony that the appellant has been a bad person who had reformed his life through religion could be construed as an effective trial strategy, rather than a blunder.
We find none of the acts or omissions of defense counsel constitute deficient performance except regarding the jury instruction given in II, supra. However, because we vacate the convictions stemming from that error, we are forced to conclude the error was prejudicial.
The seventh assignment of error is sustained in part and overruled in part.
 VIII
In his final assignment of error, appellant argues his convictions as to counts one and two of the indictment are against the manifest weight of the evidence, and were erroneous as a matter of law as to the third and fourth counts of the indictment.
We have already sustained appellant's argument as to count three of the indictment, and rejected it as to the fourth.
We have reviewed the record in this case, and we find there was sufficient, competent and credible evidence presented on each of the essential elements of the crime charged to entitle the jury to find appellant guilty as to counts one and two. Accordingly, they are not against the manifest weight of the evidence as explained in State v. Thompkins, supra.
The eighth assignment of error is sustained as to count three of the indictment and overruled as it applies to counts one, two and four of the indictment.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., and Wise, J., concur; Hoffman, J., concurs in part dissents in part.