[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant William Gray was convicted of sexual imposition, in violation of R.C. 2907.06(A)(4). Gray's two assignments of error allege that the trial court erred in overruling his Crim.R. 29 motion for acquittal.
R.C. 2907.06 provides the following:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
 (4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person.
 (B) No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence.
R.C. 2907.01(B) provides,
 "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
Gray argues that the trial court erred in overruling his Crim.R. 29 motion for acquittal because (1) the state did not offer any evidence to corroborate the victim's testimony, as required by R.C. 2907.06(B) andState v. Economo (1996), 76 Ohio St.3d 56, 666 N.E.2d 225, and (2) the state failed to prove that the touching was done to sexually arouse or gratify either person.
The evidence, construed in the light most favorable to the state, showed that Gray, a teacher, was in the restroom with the alleged victim, a student. The student's pants were "drooping." "Drooping" is a fashion style in which the pants are worn about the hips, almost to the knees, exposing the underclothes and/or the buttocks. The student had been reprimanded in the past about this style of dress, but he continued to "droop." While the two were in the restroom, Gray pulled up the student's pants because they were "drooping." The student testified that when Gray pulled up the pants, Gray's hand touched the student's genitals.
Assuming, for the purposes of argument, that the state met the requirement of corroboration, we hold that there was simply no evidence that the touching was done to sexually arouse or gratify either person. The only evidence was that Gray pulled up the student's pants because they were "drooping." The student testified that when Gray touched him, it was in connection with Gray telling him to pull up his pants and stop "drooping."
Following a review of the record, we hold that reasonable minds could not conclude that the element of a touching for the purpose of sexual arousal or gratification had been proved beyond a reasonable doubt. SeeState v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184. The trial court erred in overruling Gray's Crim.R. 29 motion for acquittal. The assignments of error are sustained.
Therefore, the judgment of the trial court is reversed, and defendant-appellant William Gray is discharged.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 __________________ Doan, P.J.,
Gorman and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.