{¶ 31} In her second assignment of error, appellant argues that she was never given the opportunity to be heard with respect to the dog warden's determination that her animals were vicious and/or dangerous. The majority agrees with appellant, ultimately concluding that she "was denied any right to be heard prior to her property rights being substantially affected."
 {¶ 32} In doing so, the majority compares the situation currently before us to an administrative action. However, this was not an administrative action; rather, it was a criminal prosecution. Therefore, because this was a criminal proceeding, the only notice required was the complaint or the indictment.
 {¶ 33} The dog warden's initial determination that appellant's dogs were dangerous and/or vicious was simply his opinion. It had no value by itself and had no legal impact upon appellant. The existence of the warden's earlier pronouncement did not enhance or elevate the charges ultimately filed. Most importantly, it did not alleviate the state's burden to establish this fact at trial as the state was required to prove every essential element of the offense beyond a reasonable doubt. Statev. Economo, 76 Ohio St.3d 56, 62, 1996-Ohio-426.
 {¶ 34} Obviously, I am concerned about the possibility of an unconstitutional deprivation of a person's valid property interest. Nevertheless, I repeat, this was a criminal proceeding, not a civil or administrative action. That being the case, I unwilling to adopt the majority's position that a hearing to decide whether the dogs were vicious and/or dangerous was required before appellant's trial.
 {¶ 35} For these reasons, I would affirm appellant's convictions in all respects.