DECISION AND JUDGMENT ENTRY
{¶ 1} Robert E. White, II appeals the Marietta Municipal Court's judgment finding him guilty of sexual imposition, a violation of R.C.2907.06. On appeal, White asserts that the trial court erred by refusing to enter a Crim.R. 29 judgment of acquittal based on the state's failure to produce corroborating evidence as required by R.C. 2907.06(B). We disagree, because the record reveals that the state produced corroborating evidence. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The victim testified at White's jury trial that she worked at a pizza place and made deliveries. After midnight on a Sunday she delivered a sub to White at his residence. She did not know White. White opened the front door in just his white underwear briefs. White had his hands down in his underwear playing with himself while he asked her how much he owed. White owed $7.49.
 {¶ 3} The victim thought that White appeared drunk. White acted like he could not find his money and asked the victim to come in twice. She remained outside. She told White that she needed her money and needed to leave. White walked around and continued to have his hands down in his underwear. The victim could see the top of his penis. Eventually, White located two bills, i.e. a five and a one. As White handed the money to the victim, he acted as though he lost his balance and grabbed each of her breasts with his hands as he stumbled into her. The money fell to the floor. The victim threw the sub at White, picked up the money from the floor, and left.
 {¶ 4} The victim reported what happened to her boss when she arrived back at work. He told her to report what happened to the police after work. She testified that because they were too busy for her to leave right away, she worked another hour and made two more home deliveries before going to the police station. She reported the incident to officer Ryan Huffman. He took the report but told her that they could not investigate at that time because they were extremely busy.
 {¶ 5} The victim saw White the next night in a bar that was located in the same building where she worked. She told her boss who in turn called the police.
 {¶ 6} Officer Huffman testified that he took the report from the victim on Sunday morning and that she looked upset. He further testified that he responded to the Monday evening call from the victim's boss. He said that the victim identified White sitting in the bar with several other people.
 {¶ 7} Officer Huffman approached White and talked to him about the Sunday morning complaint regarding the sub delivery. He said that White eventually provided him with oral and written statements about the incident. He testified that White's version was "that he had ordered a sub from Paradise Pizza, it had been delivered to his address. He advised that he was wearing underwear, and that was the only thing he had on during the time of delivery, and he also advised that he was having trouble finding his money, and he was intoxicated that evening. However, he did not admit to fondling [the victim] or grabbing her."
 {¶ 8} With this information, officer Huffman charged White with sexual imposition in violation of R.C. 2907.06, a misdemeanor of the third degree. Specifically, the charge stated that White "did, knowingly, have sexual contact with another, who was not the spouse of the offender, when the offender knew that the sexual contact would be offensive to the other person, or was reckless in that regard[.]"
 {¶ 9} After these two witnesses, i.e. the victim and the officer, the state introduced White's written statement into evidence and rested. White moved the court for a Crim.R. 29 acquittal. The court denied the motion. White did not present any evidence. The jury returned a verdict of guilty as charged.
 {¶ 10} White appeals and assigns the following assignment of error: "The trial court violated Mr. White's right to due process when it overruled his Crim.R. 29 motion for acquittal despite the State's failure to provide sufficient evidence to corroborate the victim's testimony."
 II. {¶ 11} White argues that the state failed to prove beyond a reasonable doubt every element of the offense of sexual imposition. Specifically, he asserts that the trial court erred by failing to grant his Crim.R. 29 motion for acquittal because it did not require the state to comply with R.C. 2907.06(B). Thus, he concludes that he was denied due process of law because of the lack of evidence corroborating his victim's testimony.
 {¶ 12} R.C. 2907.06(B) provides that no person may be convicted of sexual imposition unless the state produces evidence corroborating the victim's testimony. However, the corroborating evidence "need not be independently sufficient to convict the accused." State v. Economo
(1996), 76 Ohio St.3d 56, syllabus. Rather, even "[s]light circumstances or evidence which tends to support the victim's testimony is satisfactory." Id. at syllabus. Corroborating evidence is not an element of the offense, but an ancillary evidential requirement that the trial court must decide. Id. at 60-62.
 {¶ 13} The state asserts that it did produce such corroborating evidence, and, therefore, no violation of White's due process rights occurred. The state submits that the corroborating evidence it produced is similar to the evidence the Ohio Supreme Court found sufficient to satisfy the corroboration requirement in Economo. The state further claims that this court applied the Economo test in State v. Laferty
(April 21, 1999), Vinton App. No. 97CA17 and "found sufficient corroboration where other evidence showed that victim's car was in defendant's drive way at [the] date and time of offense, and other persons testified that she was upset and crying on the day after the incident[.]"
 {¶ 14} In Economo, the corroborating evidence consisted of: (1) confirmation that the victim had an appointment with the defendant on the date in question; (2) a witness' testimony that the victim appeared frightened and upset, and asked to not be left alone with the defendant; and (3) a witness' testimony that the victim was on the verge of crying upon exiting a room where she had been alone with the defendant. Economo
at 60.
 {¶ 15} Similarly, here, the corroborating evidence consisted of officer Huffman's testimony that White admitted that: (1) the victim came to his residence to deliver a sub on the date and time in question; (2) he came to the door only wearing underwear; (3) he had trouble finding money; and (4) he was intoxicated. In addition, officer Huffman testified that the victim was upset when she filed the report. We find that this corroborating evidence meets the Economo test. Therefore, we find that the trial court did not err by refusing to grant White's Crim.R. 29 motion for acquittal because the state did comply with R.C. 2907.06(B).
 {¶ 16} Accordingly, we overrule White's sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.