{¶ 50} R.C. 2907.06(B) prohibits conviction for a violation of R.C. 2907.06(A)(1)-(5) "solely upon the victim's testimony unsupported by other evidence." In State v. Economo (1996), 76 Ohio St.3d 56, the Supreme Court approved the use of circumstantial evidence to satisfy the extrinsic evidence requirement of R.C. 2907.06(B), holding, at p. 60:
 {¶ 51} "The corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory. The corroboration requirement of R.C. 2907.06(B) is a threshold inquiry of legal sufficiency to be determined by the trial judge, not a question of proof, which is the province of the factfinder. See State v. Robinson, 83 Ohio St. at 143,93 N.E. at 625."
 {¶ 52} Circumstantial evidence is direct proof of one fact from which the existence of another fact which is in issue reasonably may be inferred. The fact at issue in Economo was whether the sexual contact concerning which the victim testified had taken place. The State introduced other evidence in the form of the defendant doctor's *Page 10 
office records to show that he and the victim had an appointment that day. The victim's sister also testified and said that when the victim left the doctor's examining room she was "on the verge of crying." These circumstances were sufficient to corroborate the victim's testimony that the doctor engaged in sexual conduct during his examination of her. The fact that such conduct occurred in the course of a doctor/patient relationship supported an independent inference that the defendant knew it was unwelcome to the victim/patient or was reckless in that regard. R.C. 2901.01(A).
 {¶ 53} In the present case, the only evidence the State offered to corroborate the victim's testimony was the testimony of Sinclair Community College Police Officer Kenneth Quatman, who testified concerning admissions Defendant Rossi made during their interview. He testified that Defendant said he was "dry humping" the victim in the stairwell of a college building, and that he touched her breasts, put his hands down her pants, touched her genitals, and ejaculated. When asked how their two versions differed, Defendant claimed that the alleged victim was the aggressor. (T. 44-45).
 {¶ 54} Unlike in Economo, sexual contact, as that is defined in R.C. 2907.01(A), is not in issue in the present case. What is in issue is whether Defendant knew that the sexual contact that took place was offensive to the victim, or was reckless in that regard, which are alternative findings necessary to convict for a violation of R.C. 2907.06(A)(1).
 {¶ 55} The State argues that the statements of the Defendant to which Officer Quatman testified are sufficient to satisfy R.C. 2907.06(B) because they are "slight circumstances" which tend to support the victim's testimony. Economo. But, however slight, in order to convict Defendant of an alleged R.C. 2907.06(A)(1) violation, the particular circumstances must be probative of whether the fact that Defendant knew his *Page 11 
conduct was unwelcome to the victim. That surely may be inferred from her testimony, but not from the statements of the Defendant to which the officer testified.
 {¶ 56} Economo does not, as the majority holds, stand for the proposition that R.C. 2907.06(B) is satisfied when corroborating evidence is offered concerning any one element of an alleged R.C. 2907.06(A)(1) Sexual Imposition offense. Economo instead holds that any one article of extrinsic evidence need not corroborate every statutory element of the offense. The terms in which that holding is expressed are unfortunately obscure, but the alternative meaning the majority attaches to those terms voids the requirement for criminal liability that R.C. 2907.06(B) imposes. We should not read the holding in Economo as doing that when the majority in that case did not expressly state that intention.
 {¶ 57} In Economo, the corroborating evidence permitted an inference that the sexual contact the victim described in her testimony had occurred, and the fact that it occurred in the course of a doctor/patient relationship supported another, independent inference that the defendant doctor knew the sexual contact was unwelcome or was reckless in that regard. R.C.2907.06(A)(1). A like inference cannot be made on these facts. The fact that the alleged victim subsequently complained to Officer Quatman is not probative of Defendant's knowledge when the sexual contact took place that it was unwelcome to the victim.
 {¶ 58} I would sustain the first assignment of error. *Page 1