[Cite as *State v. Seelenbinder*, 2013-Ohio-337.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2012-07-062 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>2/4/2013 |
| - vs - | : | |
| | : | |
| JAMES SEELENBINDER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM MASON MUNICIPAL COURT
Case No. 11CRB00509


Bethany S. Bennett, Mason Municipal Court Prosecutor, 6000 Mason-Montgomery Road, Mason, Ohio 45040, for plaintiff-appellee

Smith Law Offices, LLC, Darlene S. Smith, 114 East Eighth Street, 4th Floor, Cincinnati, Ohio 45202, for defendant-appellant


**S. POWELL, J.**

{¶ 1}   A man caught in a sting operation at a Warren County park seeks to overturn his sexual imposition conviction by arguing there was no evidence corroborating the claim he touched an undercover officer.  We find sufficient corroborating evidence to sustain the conviction.

{¶ 2}   Defendant-appellant, James Seelenbinder, was charged in Mason Municipal

Court with the offense of sexual imposition after law enforcement, who had set up an undercover operation at a Warren County park, said Seelenbinder touched an undercover detective in the groin area. Seelenbinder was found guilty in a trial to the bench. He instituted this appeal, asserting in a single assignment of error that:

{¶ 3} THE TRIAL COURT ERRED IN DETERMINING THAT THE EVIDENCE SUPPORTED A CONVICTION.

{¶ 4} Seelenbinder argues that where there is no supporting evidence to show that he engaged in sexual contact, there can be no conviction for sexual imposition. Specifically, Seelenbinder asserts there was no corroborating evidence that he actually touched the detective.

{¶ 5} R.C. 2907.06 states, in pertinent part, that no person shall have sexual contact with another, not the spouse of the offender, when the offender knows that the sexual contact is offensive to the other person, or is reckless in that regard. R.C. 2907.06(A)(1).

{¶ 6} "Sexual contact" means any touching of an erogenous zone of another, including without limitation, the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person. R.C. 2907.01(B).

{¶ 7} Under R.C. 2901.22(B), a person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature; a person has knowledge of circumstances when he is aware that such circumstances probably exist. *Id.*

{¶ 8} A person acts recklessly, as defined in R.C. 2901.22(C), "when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he

- 2 -

perversely disregards a known risk that such circumstances are likely to exist."

{¶ 9} The undercover detective testified that he encountered Seelenbinder on a trail in the woods at the park. The detective was carrying an audio and video device in his hand, which he activated. The video, which was viewed and admitted into evidence, began after the detective and Seelenbinder were already talking. The video indicates that the two men discussed whether either was a cop, whether either would expose himself, and what they might "do."

{¶ 10} At one point, the video shows Seelenbinder reaching his hand down toward the detective. The detective told Seelenbinder not to touch him. The detective testified that he had been instructed to say "Don't touch me," out loud, so the act of touching was preserved on the record when only audio equipment was used. The detective identified himself as law enforcement and began escorting Seelenbinder out of the woods.

{¶ 11} The detective indicated that Seelenbinder was quite upset and asked him not to do this, as it will ruin his life. The detective testified that Seelenbinder said if he was allowed to leave, he would never return to the park. The detective testified that Seelenbinder was arrested and a bottle of "KY Jelly" and tissues were found in his pockets.

{¶ 12} The sexual imposition statute provides that no person shall be convicted of a violation solely upon the victim's testimony unsupported by other evidence. R.C. 2907.06(B). As previously noted, Seelenbinder argues there was no evidence corroborating the detective's claim that he touched the detective. We disagree.

{¶ 13} The corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. *State v. Economo*, 76 Ohio St. 3d 56, syllabus (1996). Slight circumstances or evidence which tends to support the victim's testimony is satisfactory. *Id.* Once the threshold of sufficient corroborative evidence was crossed, it was up to the fact-

finder to determine whether there was proof beyond a reasonable doubt to support the sexual imposition charges. *Id.* at 60.

{¶ 14} We find the actions and statements shown on the video, the "KY Jelly" and tissues found in Seelenbinder's pockets, and Seelenbinder's statements after the incident, tend to support the detective's testimony by, in essence, providing motive, opportunity and Seelenbinder's acknowledgement of his actions. *See Economo* at 59-60.

{¶ 15} Seelenbinder argues the detective's testimony does not indicate that he actually touched the detective, because the detective testified that "[h]e just reached out and touched, tries to touch me in the genital area and it's on tape when I ---when he does it. I say, 'Don't' touch me.'" [sic]

{¶ 16} However, we note the trial transcript also contains other statements from the detective that Seelenbinder touched him and touched him in the genital area. Therefore, there was sufficient testimony for the fact-finder to conclude beyond a reasonable doubt that Seelenbinder physically touched the detective's groin area. *See State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 34 (after viewing the evidence in the light most favorable to the prosecution, the question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).

{¶ 17} We have considered the arguments raised by Seelenbinder and find none of them well-taken. *See State v. Bell*, 12th Dist. No. CA2008-05-044, 2009-Ohio-2335; *State v. Carnes*, 12th Dist. No. CA2005-01-001, 2006-Ohio-2134. Seelenbinder's single assignment of error is overruled.

{¶ 18} Judgment affirmed.

RINGLAND, P.J. and M. POWELL, J., concur.