[Cite as *State v. Ochieng*, 2024-Ohio-4993.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

DAVIS OCHIENG

    Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. William B. Hoffman, J.
Hon. Andrew J. King, J.

Case Nos. 2023 CA 00056 and
           2023 CA 00052

O P I N I O N

**NUNC PRO TUNC**

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Fairfield County Municipal Court, Case No. 21-CRB-1257 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 18, 2024 |

APPEARANCES:

For Plaintiff-Appellee

JOSEPH M. SABO
City of Lancaster Law Director's Office
136 West Main Street
P.O. Box 1008
Lancaster, Ohio 43130

For Defendant-Appellant

JAMES L. DYE
P.O. Box 161
Pickerington, Ohio 43147

*Hoffman, J.*

{¶1} Defendant-appellant Davis Ochieng appeals the judgment entered by the Fairfield County Municipal Court convicting him following bench trial of seven counts of public indecency (R.C. 2907.09), one count of disorderly conduct (R.C. 2917.11(B)(2)), and one count of sexual imposition (R. C. 2907.06), and sentencing him to 210 days incarceration with 131 days suspended, and placing him on community control for three years. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 4, 2021, the victim and her twelve-year-old son went to Burger King after her son's football game. Appellant began following the victim in the parking lot. Appellant said, "Damn momma," to the victim. Trial Tr. 13. The victim grabbed her son, placed him in front of her, and began moving him toward the restaurant door. Appellant grabbed the victim's buttock and said, "I think I need Seven-Up because your ass is popping." Trial Tr. 13. Appellant then split his hand over the victim's thigh, and attempted to grope her crotch. The victim grabbed Appellant's hand and told him if he touched her again, she was going to "whoop his ass." Trial Tr. 14. Appellant told the victim when she came back to the parking lot, he was going to rape her.

{¶3} The victim went inside the restaurant with her son, and asked the staff to call the police. Appellant followed, yelling at her, her son, and the restaurant employees. Appellant was removed from the restaurant, the door was locked, and employees called the police.

{¶4} After he was removed from the restaurant, Appellant exposed his penis, shaking it at people in the restaurant. Appellant urinated on the back driver's side tire of the victim's vehicle, and rubbed his penis on the front bumper.

{¶5}    Appellant was charged with seven counts of public indecency, one count of disorderly conduct, and one count of sexual imposition.  Following bench trial in the Fairfield County Municipal Court, he was convicted of all charges and sentenced to an aggregate term of incarceration of 210 days, with 131 days suspended.   He was given 19 days of jail time credit, for an actual term of 60 days incarceration.  He was placed on community control for three years.  It is from the March 2, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY FINDING APPELLANT GUILTY, AS THE VERDICT FOR THE CHARGE OF SEXUAL IMPOSITION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6}    Appellant argues his conviction of sexual imposition was against the manifest weight of the evidence because there was not sufficient corroboration of the victim's testimony Appellant grabbed her buttock.

{¶7}    In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and

created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 1997-Ohio-52, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175 (1st Dist. 1983).

**{¶8}** Appellant was convicted of sexual imposition in violation of R.C. 2907.06, which provides in pertinent part:

> (A) No person shall have sexual contact with another; cause another to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.
>
> (B) No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence.

**{¶9}** The victim's son told police at the scene he did not see Appellant touch his mother's buttock, but heard her yell at Appellant. At trial, the victim's son testified he saw Appellant touch his mom's buttock with his hand. Trial Tr. 53, 57, 60-61, 62. An employee of Burger King testified he saw Appellant grab the victim's buttock with his hand. Even if the victim's son's testimony he saw Appellant put his hand on his mom's buttock is not considered because of its inconsistency with his prior statement, the employee's testimony provides eyewitness corroboration of the sexual imposition.

**{¶10}** Further, "[t]he corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every

essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory." *State v. Economo*, 76 Ohio St.3d 56, 60, (1996). The State presented other evidence which tends to support the victim's testimony. The victim's son told police he heard his mother yell at Appellant to get off of her. A video taken from inside the restaurant showed hostile interaction between Appellant, the victim, and restaurant employees, after which Appellant was removed from the store. The victim immediately asked restaurant employees to call the police, and she reported the touching. The victim's son and a Burger King employee both heard Appellant make sexual comments to the victim. All of this evidence tends to corroborate the victim's testimony.

**{¶11}** We find the judgment convicting Appellant of sexual imposition is not against the manifest weight of the evidence. The assignment of error is overruled. The judgment of the Fairfield County Municipal Court is affirmed.


By: Hoffman, J.
Delaney, P.J. and
King, J. concur

[Cite as *State v. Ochieng*, 2024-Ohio-4993.]