OPINION
In this appeal we are again asked to determine whether the Franklin County Court of Common Pleas properly granted summary judgment to defendant Allstate Insurance Company ("Allstate").[1]
This action is the result of injuries sustained by plaintiff Annette Combs. On the afternoon of October 13, 1995, Mrs. Combs was returning to work when she stopped at the intersection of Main Street and Briar Cliff Drive. After coming to a stop, the traffic signal changed allowing vehicles in her lane to proceed. As she entered the intersection, Mrs. Combs claims that an unidentified vehicle traveling south on Briar Cliff negligently ran a red light. In order to avoid a collision with that vehicle, Mrs. Combs braked and abruptly swerved, striking the curb of the roadway with her right front tire.
On August 22, 1996, plaintiff, Annette Combs, and her husband John Combs, filed suit with the Franklin County Court of Common Pleas. In that complaint, plaintiffs set forth three claims. In their first claim, plaintiffs seek uninsured/underinsured motorist benefits alleging that as a direct and proximate result of the negligence of the unknown driver, Mrs. Combs sustained severe and permanent injuries to her neck and shoulder which diminish all prospects for future employment. Plaintiffs' second and third claims set forth a loss of consortium claim by John Combs, and a subrogation claim for the payment of accident-related medical expenses by defendant United HealthCare of Ohio.
On June 26, 1997, Allstate moved for summary judgment on the plaintiffs' uninsured/underinsured motorist claim arguing: (1) that the plaintiffs have no evidence of physical contact between the unidentified vehicle and Mrs. Combs' vehicle, and (2) that the plaintiffs have failed to come forward with independent witnesses corroborating the accident as required by Girgis v.State Farm Mut. Auto. Ins. Co. (1996), 75 Ohio St.3d 302.
In response, plaintiffs filed a two paragraph "Memorandum Contra Motion for Summary Judgment/Motion for Summary Judgment" on July 18, 1997. In the first paragraph of that document, plaintiffs confirmed that they have been unable to identify or locate the other vehicle, and have found no other witness to the incident as required by Ohio law. In the second paragraph, plaintiffs moved for summary judgment against Allstate in the amount of $5,000, for the medical payment benefits included in plaintiffs' insurance policy.
On December 10, 1997, the trial court entered summary judgment in favor of Allstate on the plaintiffs' uninsured/underinsured motorist claim. Plaintiffs then improperly filed a notice of appeal, which was dismissed by this court as the trial court had not yet ruled upon plaintiffs' subrogation or medical payments claim. See Combs v. Allstate Ins. Co. (Sept. 22, 1998), Franklin App. No. 98AP-10, unreported
The record was returned to the trial court for further proceedings on September 30, 1998. After additional briefing, the trial court rendered a decision on June 30, 1999, in which it granted Allstate summary judgment, and denied plaintiffs summary judgment, on the medical payments claim. The court also denied the plaintiffs' summary judgment on their subrogation claim against defendant United HealthCare of Ohio. Plaintiffs now appeal, raising the following four assignments of error:
 [I.] The lower court erred in granting summary judgment to defendant Allstate Insurance Company on the claim by plaintiff Annette Combs.
 [II.] The lower court erred in granting summary judgment to defendant Allstate Insurance Company on the loss of consortium claim of plaintiff John Combs, there being independent corroborative evidence sufficient to satisfy the Girgis standard for Mr. Comb's independent loss of consortium claim.
 [III.] The lower court erred in denying summary judgment to plaintiff on her medical payments claim, and imposing summary judgment against plaintiff on her medical payments and other claims due to plaintiff's failure to appear at a medical examination initially scheduled without court order, and subsequently scheduled by court order, but less than two weeks after the court order for medical examination, the court abusing its discretion in imposing a discover [sic] sanction of this severity for a non-willful, inadvertent, failure to appear at a medical examination where plaintiff had been cooperating in all aspects of discovery to that point.
 [IV.] The lower court erred in failing to grant plaintiff's motion for summary judgment against defendant healthcare provider since this provider waived all rights in this matter by failing to file [sic] notice of appeal in the first appellate proceeding.
When presented with an appeal from a motion for summary judgment, this court applies the same standard applied by the trial court, considering the motion as if it had been presented to this court first. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102 . Under the Ohio Rules of Civil Procedure, in order to establish the entitlement to summary judgment, a party must establish: (1) that there is no genuine issue as to any material fact; (2) that reasonable minds can come to but one conclusion, a conclusion which is adverse to the nonmoving party; and (3) that the party is entitled to judgment as a matter of law. Harless v. WillisDay Warehousing (1978), 54 Ohio St.2d 64.
In determining whether a genuine question of material fact exists, a court must view the evidence in a light most favorable to the nonmoving party. Temple v. Wean (1977),50 Ohio St.2d 317 . However, provided the moving party has satisfied his or her burden, the nonmoving party is not permitted to rest upon the allegations or denials contained in his or her pleadings, but must come forth with specific facts showing the existence of a genuine issue for trial. Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111, following Celotex v. Catrett
(1986), 477 U.S. 317.
The key issue in this case is the application of the rule of law set forth by the Ohio Supreme Court in Girgis, supra. Therein, the Supreme Court held that Ohio law precludes insurance contract provisions which require actual physical contact between vehicles as a prerequisite to recovery. However, in balancing the interests of insured's against those of insurers, the court developed the corroborative evidence test. The Supreme Court held that:
 The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident. * * * [Id. at paragraph two of the syllabus.]
Plaintiffs assert the testimony of Mrs. Combs' treating physician, in addition to the testimony of John Combs, provides sufficient corroborative evidence to allow Mrs. Combs' claim for uninsured/underinsured motorist benefits to proceed to trial. Similarly, John Combs asserts that the testimony of his wife provides sufficient corroborative evidence to allow his claim for loss of consortium to proceed to trial. Plaintiffs' argument notwithstanding, the testimony of these three individuals does not meet the test of independent third-party testimony set forth inGirgis, as applied by this court in Muncy v. American Select Ins.Co. (June 30, 1998), Franklin App. No. 97APE09-1226, unreported,England v. Grange Mut. Cas. Co. (Dec. 23, 1997), Franklin App. No. 97APE07-894, unreported, or Willford v. Allstate Indem. Co.
(Nov. 10, 1997), Franklin App. No. 97APE05-657.
In Muncy, this court explained that corroborative evidence is evidence which supplements evidence that has already been given and which tends to strengthen or confirm it. "It is additional evidence, of a different character, to the same point."Muncy, supra, citing State v. Economo (1996), 76 Ohio St.3d 56. The testimony of the plaintiff's physician is based entirely upon statements made by the plaintiff during the course of her treatment. Clearly, any knowledge of the events which occurred is not the product of the physician's personal observation that another vehicle was the proximate cause of the plaintiff's accident. Plaintiff's physician did not personally observe the accident, nor did he personally observe anything indicating that another car was involved. Obviously, his testimony does not provide independent corroborative evidence under Girgis.
Likewise, the testimony of John Combs does not provide independent corroborative evidence of his wife's accident. Although he observed damage to his wife's vehicle, John Combs did not observe the accident, nor did he observe anything indicating that another car was involved. Thus, his testimony, like that of the physician, does not amount to independent corroborative evidence under Girgis.
Finally, Mrs. Combs' testimony clearly cannot serve as independent corroborative evidence sufficient to support her own claim, nor may it serve as independent evidence supporting the claim of her husband. The claim of John Combs for loss of consortium is derivative of his wife's claim. That is, his claim is dependent upon the existence of a legally cognizable claim by Mrs. Combs. Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84.
As noted, Girgis permits a claim for uninsured motorist coverage based upon the negligence of an unidentified individual, when the existence of that individual, and his or her negligence, is corroborated by independent third-party testimony. Because there is no independent evidence that another vehicle was involved, Mrs. Combs cannot establish a cognizable claim, and the claim of her husband therefore fails. Therefore, plaintiffs' first and second assignments of error must be overruled.
In their third assignment of error, plaintiffs contend the trial court erred when it denied them summary judgment on the medical payments claim, instead, granting summary judgment to Allstate. Civ.R. 56(C) provides that:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
On numerous occasions, Ohio courts have clearly explained that in order to carry this burden:
 * * * [T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * * [Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292 (emphasis added).]
A review of plaintiffs' one-page motion for summary judgment reveals that it falls short of establishing plaintiffs' entitlement to judgment as a matter of law. Although Mrs. Combs maintains she has incurred medical expenses in excess of $25,000, she has failed to submit or direct the court's attention to a single piece of admissible evidence demonstrating these expenses. Indeed, the only piece of potentially proper evidence, the affidavit of the plaintiff, was not sworn, and therefore does not constitute proper evidence under Civ.R. 56.
It is not the court's responsibility to search the record for evidence which might support the plaintiffs' claim for summary judgment. Because plaintiffs failed to establish that they are entitled to judgment upon their medical payments claim, the trial court did not err when it overruled the plaintiffs' motion for judgment as a matter of law. Thus, to the extent that the plaintiffs' third assignment of error challenges the trial court's refusal to enter judgment in their favor, that assignment of error is overruled.
In their third assignment of error, plaintiffs also challenge the entry of summary judgment in Allstate's favor. During discovery, Allstate informally scheduled Mrs. Combs to attend an independent medical examination ("IME"). That examination was set for May 20, 1997; however, Mrs. Combs failed to attend. In response, defendant filed a Civ.R. 35 motion to compel, seeking both the plaintiff's attendance, as well as the payment of the physician's cancellation fee. Defendant's motion was granted by the trial court on July 14, 1997. However, while the trial court ordered Mrs. Combs to submit herself for a prospective examination, it held that Allstate had failed to seek a court order as required by Civ.R. 53 prior to scheduling the examination. Therefore, the court concluded that Mrs. Combs was not required to attend the May 20, 1997 IME.
While Allstate's Civ.R. 35 motion was pending, Allstate scheduled Mrs. Combs for another examination. That examination was set for July 28, 1997, however, Mrs. Combs again failed to appear. Thereafter, defendant moved, and was granted, summary judgment upon the plaintiffs' medical payments claim.
Allstate relies upon Hipkins v. State Farm Mut. Ins.
(Mar. 17, 1998), Licking App. No. 96CA00161, unreported, for the proposition that a failure to attend a medical examination operates as a bar to recovery. However, the factual scenario inHipkins is one in which the plaintiff claimed benefits for physical injuries, but at the same time refused to submit to any IME. Therefore, the court's holding in Hipkins is not controlling.
Before the trial court, and now on appeal, Mrs. Combs states that she failed to attend the second examination because Allstate scheduled that examination prior to the court's July 14, 1997, order granting its Civ.R. 35 motion for an order of examination. Thus, Mrs. Combs claims that there was some "confusion" as to whether she was required to appear for the second IME.
When reviewing Allstate's motion for summary judgment upon the plaintiffs' medical payments claim, we find that the situation presented is not one in which the Mrs. Combs has refused to submit to an IME. In regard to the first IME, the trial court specifically held that Allstate had failed to properly schedule the examination, and consequently, that Mrs. Combs was not required to attend. In regard to the second IME, Mrs. Combs alleges that she was unsure as to whether she was required to attend, as the examination had been scheduled prior to the court's order granting Allstate's Civ.R. 35 motion.
While some form of sanction for Mrs. Combs' failure to attend the July 28, 1997, examination might be appropriate, in our view, Allstate has failed to establish that Mrs. Combs' failure to attend the July 28, 1997, IME entitles Allstate to summary judgment on plaintiffs' medical payments claim. As such, plaintiffs' assignment of error challenging the entry of summary judgment in favor of Allstate on the medical payments claim is sustained.
In their fourth assignment of error, plaintiffs maintain the trial court erred when it overruled their motion for summary judgment against defendant United HealthCare of Ohio. Plaintiffs' November 12, 1998 motion is premised solely upon the contention that United's right of subrogation should be barred, as United "failed" to file a notice of appeal from the trial court's December 10, 1997 decision. Specifically, plaintiffs argued:
 * * * This Court, [the Franklin County Court of Common Pleas] on December 10, 1997, granted Defendant Allstate summary judgment and ordered dismissal of the entire case, entering a Final Appealable order. Plaintiffs Annette Combs and John Combs filed a Notice of Appeal within Rule and went forward to the Appellate Court to litigate their respective claims against Defendant Allstate Insurance Company.
 Defendants United HealthCare Services Incorporated and United HealthCare of Ohio, although notified of the final Appealable Order did not file any Notice of Appeal, and waived all remedies challenging the Final Appealable Order issued by this Court.
 Plaintiff Annette Combs states the Defendant subrogated medical providers waived all rights and remedies against Plaintiffs and against Defendant Allstate Insurance Company when they elected not to appeal the final Appealable Order of December 10, 1997. * * *
Plaintiffs' reasoning inexplicably ignores this court's ruling, issued less than two months prior to their motion, which held that the trial court's December 10, 1997 decision was not a final appealable order. Moreover, United's claim, if any, is dependent upon the plaintiffs' right to recover medical payment benefits from Allstate. An "insurer-subrogee cannot succeed to or acquire any right or remedy not possessed by its insured-subrogor." Chemtrol Adhesives, Inc. v. American Mfrs.Mut. Ins. Co. (1989), 42 Ohio St.3d 40, paragraph one of the syllabus. As the plaintiff's health insurer, United succeeds to the rights, and the benefit of all remedies, available to the plaintiff. Id. at 42. In other words, United "stands in the shoes of" the plaintiff. See, e.g., Universal Veneer Mill Corp.v. Buckeye Union Ins. Co. (Nov. 10, 1998), Franklin App. No. 98AP-20, unreported.
The burden of demonstrating their entitlement to summary judgment rests squarely upon the plaintiffs' shoulders. To that end, the precise issue raised by the plaintiffs in their fourth assignment of error is whether United lost its contractual right of subrogation when it failed to appeal an order which was not appealable. Clearly it did not. Accordingly, plaintiffs' fourth assignment of error is overruled.
For the foregoing reasons, plaintiffs' first, second, and fourth assignments of error are overruled, and plaintiffs' third assignment of error is sustained in part and overruled in part. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings upon the plaintiffs' medical payments claim.
 __________________ PETREE, J.
BRYANT, J., concurs, TYACK, J., dissents.
[1] Plaintiffs' first appeal was filed with this court on January 16, 1998, but was dismissed on September 22, 1998, for lack of a final appealable order. Combs v. Allstate Ins. Co.
(Sept. 22, 1998), Franklin App. No. 98AP-10, unreported.