OPINION
Michael J. Pierre appeals a judgment of the Municipal Court of Miamisburg, Ohio, convicting and sentencing him for sexual imposition in violation of R.C. 2907.06(B).
A complaint was filed against Pierre on January 31, 2000, alleging that he had had sexual contact with his step-daughter (hereinafter "the minor") who was fifteen years of age at the time. Following a bench trial, Pierre was convicted of sexual imposition. Pierre was sentenced to a $250 fine, five years of probation, and sixty days in jail, fifty of which were suspended. Pierre now appeals his conviction and sentence, asserting two assignments of error for our review.
 I. The Defendant's conviction was against the manifest weight of the evidence.
Pierre's manifest weight of the evidence argument centers on the issue of the witnesses' credibility. He argues that because the minor was "unhappy with her parents," her version of the events was less credible than his version of the events, thus his conviction was against the manifest weight of the evidence.
We note that in a weight of the evidence challenge, an appellate court:
 [R]eview[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. While Thompkins explicitly permits this court to consider credibility when confronted with an argument that the verdict is against the manifest weight of the evidence, such consideration is not unbounded. We have explained the limited role of an appellate court in reviewing issues of credibility in weight of the evidence challenges as follows:
 Because the factfinder, be it the jury or * * * the trial judge, has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness. Contrastingly, the decision as to which of several competing inferences, suggested by the evidence in the record, should be preferred, is a matter in which an appellate judge is at least equally qualified, by reason and experience, to venture an opinion. Therefore, although this distinction is not set forth in Thompkins, supra, we conclude that a decision by a factfinder as to which testimony to credit, and to what extent, is a decision that is entitled to greater deference than the decision as to how much logical force to assign an inference suggested by that evidence — in short, how persuasive it is.
State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported. Mindful of these principles, we turn to the merits of Pierre's assignment of error.
Pierre was convicted of sexual imposition in violation of R.C.2907.06(A), which reads as follows:
 No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender * * * when any of the following applies:
 (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.
* * *
 (4) The other person * * * is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person.
Sexual contact is defined in R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
It is undisputed that the minor was fifteen years old at the time of the incident, and that Pierre was thirty-six years old and was not the minor's spouse. Therefore, Pierre's argument is that the State did not prove that Pierre had sexual contact with the minor. We disagree.
The minor testified that on January 27, 2000, she went to bed at approximately 8 p.m. and was awakened several hours later by Pierre when he climbed into her bed and lay behind her. Upon Pierre placing his hands under her pajamas between her legs on her upper thighs, the startled minor stated "Dad!" Pierre apologized, but he continued to rub her buttocks and back. The minor stated that she felt uncomfortable and "tossed and turned" in an effort to make him leave, to which Pierre responded "Give me a kiss then I will leave." She kissed him on the lips in hopes of him following through on his statement. Pierre responded "I am sorry, I just wanted to make you feel good." The minor responded by stating "you can't make me feel good like that, I've told you that before because you are my dad." He apologized, gave her another kiss, told her that he loved her "very much," then left her room.
Pierre testified to a slightly different version of events. He arrived home from work at approximately 11:20 p.m. on January 27, 2000. He spoke briefly to his wife, took a shower, and then proceeded upstairs to say goodnight to his daughter and step-daughter. Pierre entered the minor's room and found her asleep, lying diagonally across the bottom bunk of her bed. In an effort to "relax," Pierre lay beside the minor in her bed, on top of the covers. Pierre stated that he had almost fallen asleep. At some point his wife's cordless phone, which was under the covers near the minor's stomach, began beeping. According to Pierre, when he reached under the covers to turn off the phone, his hand might have touched the minor. Pierre denied touching the minor in a sexual way, and he stated that the touch did not occur in the hip or waist area. Moreover, Pierre explained that he did not crawl into bed with his other daughter because she had been asleep. Pierre also admitted to kissing the minor on the lips "more often than [he] should."
In contrast to his testimony at trial were Pierre's oral and written statements made to Special Investigator Deanna Neal on January 29, 2000. Pierre explained that because the minor had bunk beds, he "had" to climb into her bottom bunk to say good night and to give her a kiss. He stated that when he climbed in, he placed his hand "on her hip and waist area for support, laying beside her on top of the covers." He then heard the cordless phone beep, and he reached under the covers to find and turn off the phone. Additionally, Pierre claimed he had leaned over and turned off the minor's heating pad, but at trial, he could recall nothing about a heating pad.
In its decision to convict Pierre, the trial court focused upon the demeanor of the witnesses and the inconsistencies in Pierre's stories. The trial court stated:
 [T]he Court chose not to believe the Defendant that he put his hand on her hip and waist for support when climbing into her bed to lie down beside her. The Court chose not to believe that the Defendant was reaching for the telephone and the heating pad to shut it off, instead the Court finds that these statements were an attempt to explain his roaming hands on his daughter's body.
Questions of credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366. Therefore, it is clear from the conviction that the trial court believed the minor's version of the facts rather than Pierre's. The trial court had the opportunity to observe the witnesses and their demeanor on the stand. Also, the trial court could compare Pierre's testimony at trial with his written statement made on January 29, 2000. This court finds ample evidence in the record to support the trial court's determination that the minor's testimony was credible, and that Pierre's testimony was incredible.
Therefore, after reviewing the record, weighing the evidence and considering the credibility of the witnesses, it is clear that the trial court's finding of guilty on the charge of sexual imposition was not against the manifest weight of the evidence.
Pierre's first assignment of error is overruled.
 II. The trial court erred when it held that the evidence presented was legally sufficient to support Defendant's conviction.
Sufficiency of the evidence is a question of law which tests the adequacy of the evidence. Thompkins, supra, at 386. In considering a claim based on sufficiency of the evidence, a reviewing court:
 [E]xamine[s] the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Pierre focuses his sufficiency of the evidence argument upon R.C.2907.06(B), which states that "[n]o person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence." Pierre claims that the State did not corroborate the minor's evidence, thus there was not sufficient evidence against him to sustain a conviction.
We note that in State v. Economo (1996), 76 Ohio St.3d 56, syllabus, the Supreme Court held:
 The corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory.
In this case, we find that there was corroborative evidence provided in Pierre's testimony sufficient to support the minor's testimony and to convict Pierre. Pierre admitted to going into the minor's room on the night in question and getting into her bed. Although his excuse for not getting into bed with his other daughter was because "she's got a twin bed and she pretty much sleeps like a log," he crawled into the minor's bed while she was still sleeping. Pierre admitted to placing his hand under the covers in the vicinity of the minor's stomach, and he admitted to kissing her on the lips.
Furthermore, Pierre asserts that the lack of physical evidence and the lack of a "prompt report" by the minor further support his argument that there was insufficient evidence and corroboration to sustain Pierre's conviction. We find this statement to be inaccurate. The incident in question occurred during the early morning hours of January 28, 2000, and one day later, during the morning of January 29, 2000, the minor, who was very upset, revealed the events to her mother. To the contrary, we find that the evidence, if believed, would convince the average mind of Pierre's guilt beyond a reasonable doubt. After viewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of sexual imposition proven beyond a reasonable doubt.
The second assignment of error is overruled.
The judgment of the trial court is affirmed.
 __________________ FREDERICK N. YOUNG, J.
FAIN, J. and GRADY, J., concur.