[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The defendant-appellant, Thomas Dozier, appeals from his conviction, following a trial by jury, for sexual imposition and rape against his adopted daughter. He was sentenced to six years for the rape and thirty days for the sexual imposition. The two sentences were to be served concurrently.
{¶ 3} In his first three assignments of error, Dozier challenges the weight and sufficiency of the evidence supporting his convictions, including the trial court's decision to deny his Crim.R. 29 motion for an acquittal. As Dozier acknowledges in his brief, "[b]asically, the trial involved [the adopted daughter] testifying that [he] committed such acts, and [he] denying that he did so." Dozier argues, however, that his adopted daughter's testimony was "simply not worthy of belief — so much so that no rational trier of fact could find that [he] committed the offenses."
{¶ 4} With respect to the rape, Dozer focuses his sufficiency argument on a single incident in which, he testified, while sleeping with his daughter, he awoke to find her performing, or about to perform, fellatio on him. He argues that there was insufficient evidence that this incident involved a voluntary act on his part and that he quickly pushed his daughter away. We note, however, that the rape for which he was convicted, count two of the indictment involved engaging in fellatio with his daughter on unspecified dates in 1998, 1999, and 2000. His adopted daughter, who was fourteen years old at the time of the trial, testified that he made her perform fellatio on him ten to twenty times during this period. Dozier's testimony concerning the single act that he claims was involuntary could easily have struck the jury as suspiciously self-serving and both inculpatory with respect to that particular event and corroborative of the daughter's other allegations of fellatio.
{¶ 5} Dozier further argues that the evidence was legally insufficient to support the charge of sexual imposition since there was no corroborative evidence other than his admission that he sometimes slept near to his daughter. Unfortunately, the state makes no response to this particular argument in its brief. The statutory requirement of corroboration is contained in R.C. 2907.06(B), which states, "No person shall be convicted of a violation of this section [sexual imposition] solely upon the victim's testimony unsupported by other evidence." The Ohio Supreme Court has interpreted this section as requiring only "minimal [corroborative] evidence," meaning that the evidence need not be independently sufficient to convict. State v. Economo, 76 Ohio St.3d 56,59-60, 1996-Ohio-426, 666 N.E.2d 225. "Slight circumstances or evidence which tends to support the victim's testimony is satisfactory." Id.
{¶ 6} As noted, Dozier made statements indicating that he would sleep in a "spoon" position with his adopted daughter. He also admitted to investigators that sometimes he would wake up with an involuntary erection, and that on one occasion his genitals were in contact with her backside and that he may have ejaculated, because his daughter quickly left to take a shower. (The investigator used an interrogation technique in which he suggested less culpable scenarios to Dozier in order to draw out a confession.) We think that evidence of such aberrant behavior between father and daughter was sufficient corroboration of the daughter's testimony that Dozier did, in fact, impose himself upon her sexually.
{¶ 7} Dozier also challenges the weight of the evidence, decrying the inconsistencies in the adopted daughter's testimony. We agree that the daughter's version of events was not always the same, and that she would at times recant her allegations. However, defense counsel probed these inconsistencies skillfully before the jury, requiring her to explain them. According to the daughter, she was at times reluctant to tell the truth for fear of the repercussions, not only for herself, but for her brothers whom Dozier had also adopted. She testified that she was fearful that if she went to the authorities with her allegations, her brothers would be turned out of their adopted home.
{¶ 8} When reviewing a case on the weight of the evidence, the appellate court sits as a "thirteenth juror," but the decision to reverse "`should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Matters of credibility, furthermore, are largely the province of the jury, which has the benefit of hearing the testimony and gauging the demeanor of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
{¶ 9} In this case, we cannot disagree with the jury's decision to credit the daughter's testimony, at least with respect to the counts on which Dozier was convicted. While the daughter's testimony suffered from inconsistencies, Dozier's testimony and statements to investigators seriously damaged his own credibility. The jury could have reasonably inferred, from the behavior to which Dozier was willing to admit, that much more went on than he was willing to admit. Conversely, the jury could have reasonably believed the daughter's reasons for, at times, recanting her allegations. In sum, even sitting as a thirteenth juror, we cannot say that the jury either lost its way or committed a manifest miscarriage of justice in returning the verdicts that it did.
{¶ 10} In his fourth and fifth assignments of error, Dozier argues that the trial court improperly restricted his cross-examination of the victim, as well as his questioning of defense witnesses. Specifically, he argues that the trial court wrongly prohibited him from asking questions of the daughter concerning such matters as prior accusations of abuse against other foster-care providers, psychiatric treatment, medications, and hospitalizations. Further, he asserts that he was improperly prevented from questioning his own witnesses concerning matters that tended to contradict the daughter's testimony and to show that she had a motive to lie.
{¶ 11} Having reviewed those parts of the record identified by Dozier, we do not agree that the trial court violated his Sixth Amendment rights by restricting the cross-examination as it did, or that he was prejudicially prevented from presenting his own evidence. Dozier's attorney was given wide latitude to cross-examine the daughter on her statements to the police, school officials, and friends. There was already a welter of testimony on these issues, and the trial court could reasonably have concluded that additional questioning about matters of psychiatric treatment, hospitalizations, medications, and past allegations would have only served to confuse the jury and to obscure the circumstances surrounding the present charges. As for Dozier's presentation of his defense, in addition to his own testimony he presented the testimony of twenty others, including family members, friends, and persons who were acquainted professionally and personally with the daughter. Included among the defenses witness was a psychiatrist, who was permitted to testify that he could not find "anything wrong" with Dozier.
{¶ 12} Evid.R. 611(A) gives the court reasonable control over the presentation of evidence to make it "effective for the ascertainment of the truth," to "avoid needless consumption of time," and to "protect witnesses from harassment or undue embarrassment." The trial court is considered to have broad discretion to determine the appropriate scope of inquiry upon cross-examination, and to limit the presentation of ancillary witnesses. State v. McIntosh (Aug. 31, 2001), 1st Dist. No. C-000695. On this record, we cannot say that the trial court abused that discretion, or that the limitations imposed by the trial court went so far as to impinge upon Dozier's Sixth Amendment rights to a fair trial and to confront witnesses.
{¶ 13} In his sixth assignment of error, Dozer argues that the trial court erred by overruling his motion to strike testimony presented by the state in rebuttal. According to Dozier, the testimony of the two rebuttal witnesses, Chrissy Lusby and Darlene Nelson, did not serve the proper purpose of rebuttal, which is to contradict or refute evidence by the opposing party. See State v. Haven (2000), 138 Ohio App.3d 449,741 N.E.2d 594. The state remonstrates that their testimony was offered to refute the number of character witnesses presented by Dozier, all of whom testified that they did not believe him capable of the alleged sexual misconduct with his daughter. Lusby, the state argues, rebutted this character evidence by offering prior consistent statements by the daughter concerning the allegations, and Nelson (a foster-care provider with whom the daughter was staying) testified that the daughter did not share the perception of Dozier's witnesses that he was a friendly and lovable human being.
{¶ 14} Again, the determination of whether evidence is admissible as proper rebuttal is largely within the discretion of the trial court.State v. McNeill (1998), 83 Ohio St.3d 438, 700 N.E.2d 596. Having reviewed the testimony of the two witnesses, we cannot say that the trial court abused that discretion in admitting their testimony as proper rebuttal.
{¶ 15} In his seventh assignment of error, Dozier asserts that the trial court erred by adjudicating him a sexual predator. This assignment is an apparent oversight since the trial court found that the evidence was insufficient to establish that he was a sexual predator and thus made no adjudication to that effect.
{¶ 16} In his eighth assignment of error, Dozier, without elaboration, asserts that state's exhibits 8a, 9b through 9g, and 10a through 10f were irrelevant and prejudicial. Having reviewed the exhibits, however, we do not consider that the admission of these exhibits violated Evid.R. 403 or derogated Dozier's substantial rights under Evid.R. 103(A)(2).
 {¶ 17} All eight of Dozier's assignments of error are overruled. Accordingly, the judgment of the trial court is affirmed.
{¶ 18} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and SUNDERMANN, JJ.