DECISION AND JUDGMENT ENTRY
{¶ 1} Aaron Scott appeals the Adams County Common Pleas Court's decisions overruling his Crim.R. 16(E)(3) motion for sanctions and Crim.R. 29(A) motion for acquittal during his rape and gross sexual imposition jury trial. Scott first contends that the trial court erred when it overruled his motion for sanctions, i.e. for a mistrial, or in the alternative, exclusion of evidence. He maintains that the state failed to produce two signed written statements by two witnesses after direct examination so that the trial court could conduct an in camera review to check for inconsistencies. The state asserts that the two statements did not exist. We find that the trial court did not err because Crim.R. 16(E)(3) sanctions are only triggered when the trial court finds that the state failed to comply. Scott next contends that the trial court erred when it denied his Crim.R. 29(A) motion for acquittal because the victim's competency was questionable; the state asked the victim leading questions; and no physical evidence corroborated the victim's testimony. We find that the trial court did not err because, during the jury trial, Scott did not object to the victim's competency or any of the state's leading questions, and thus, waived any error. In addition, the state did not have to corroborate the victim's testimony. Accordingly, we overrule Scott's two assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} After drinking and running around with Sam Riggs, Scott, in the early morning hours of August 15, 2003, went to spent the rest of the night at Sam's residence. Sam lived with his step-father and sister ("victim"). Sam retired to a couch, and Scott went to the bedroom of the victim. Scott entered the victim's bed with the victim between him and her bedroom wall. He fondled the victim's breasts and touched her between her legs with allegations that he penetrated her vagina with his fingers. Later, the victim's step-father entered the bedroom and requested Scott to leave the bed.
 {¶ 3} When the victim reported to her job at Venture Productions/Mental Retardation Developmental Disabilities Board ("MRDD") later that morning, she was visibly upset. A custodian (he was also a pastor at a small church) asked her what was wrong. She said that Scott had "kept me up all night." The custodian asked, "did he put his hands on you?" She said, "yes." The custodian referred the victim to Susan Campton.
 {¶ 4} Eventually, the local authorities conducted an investigation. The state presented the results of the investigation to a grand jury. The grand jury indicted Scott for rape in violation of R.C. 2907.02(A)(1)(c) and gross sexual imposition in violation of R.C. 2907.05(A)(5).
 {¶ 5} At Scott's jury trial, two different witnesses testified under oath that they had signed prior written statements. Scott asked the state to produce those written statements so that the trial court could conduct an in camera inspection, pursuant to Crim.R. 16(B)(1)(g), to look for inconsistencies. The state could not produce the written statements. Scott moved the court for a mistrial, or in the alternative, to exclude the two witnesses' testimony. The state questioned the existence of the two written statements by indicating that the two witnesses might have faulty memories because the incident occurred a year and a half before trial. In short, the state, after an extensive search, took the position that the two statements did not exist.
 {¶ 6} The court never made a finding resolving this factual dispute, i.e. did the statements exist, and thus, the state failed to comply with Crim.R. 16(B)(1)(g) or did the statements not exist, and thus, the state did not violate Crim.R. 16(B)(1)(g). The court overruled the motion for a mistrial because "the Court does not find that there is a manifest necessity for the act of a mistrial in this particular matter in that the ends of public justice would not otherwise be defeated if, in fact, the Court does not grant the mistrial[.]" In addition, the court did not strike the testimony of the two witnesses.
 {¶ 7} At the close of the state's case-in-chief, Scott moved the court for a Crim.R. 29(A) acquittal without argument as to why the court should grant the motion. The court overruled the motion. The defendant did not present any evidence, and thus, rested. Scott renewed his Crim.R. 29(A) motion without argument. The court again denied his motion.
 {¶ 8} The jury found Scott not guilty of the rape charge but guilty of the gross sexual imposition charge. The court sentenced Scott accordingly.
 {¶ 9} Scott appeals and asserts the following two assignments of error: I. "THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR RELIEF WHEN THE PROSECUTOR WAS NOT ABLE TO PROVIDE SIGNED STATEMENTS OF THE STATE'S WITNESSES." And, II. "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR DISMISSAL PURSUANT TO OHIO CRIM.R. 29."
 II. {¶ 10} In his first assignment of error, Scott argues that the trial court erred when it did not grant his request for sanctions, i.e. his motion for a mistrial, or in the alternative, to exclude the testimony of two witnesses. Scott contends that the error occurred because the state failed to produce two written witness statements after the two witnesses, under oath, indicated that they signed prior statements. The state asserts that they did not produce the two statements because the two statements did not exist.
 {¶ 11} Crim.R. 16(B)(1)(g) provides that, upon request, the state must disclose a written statement of a witness who has completed his direct examination at trial so that the trial court can check the statement for inconsistencies. If the trial court finds inconsistencies, then the defendant is entitled to use the statement to cross-examine the witness as to those inconsistencies.
 {¶ 12} Crim.R. 16(E)(3) provides, "Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." "The provisions of Crim.R. 16 which permit the court to order compliance are triggered when a party fails to comply completely with a request[.]" Lakewood v. Papadelis (1987), 32 Ohio St.3d 1, 4.
 {¶ 13} Here, the trial court never explicitly resolved the issue of whether the state did or did not fail to comply. The trial court seemed at times to implicitly find that the state did not violate Crim.R. 16(B)(1)(g); but we cannot say for sure by looking at the record, and we will not guess. (E.g., At one point when Scott's counsel argued that the two witnesses were "adamant" about the existence of the written, signed statements, the court indicated that it did not recall any of the testimony rising to the level of "adamant" about the existence of the statements. Instead, the court stated that the testimony was more along the lines of "it was either I think or I believe I did, gave it to someone. I wrote something and I believe, yes I signed it, I think I signed it.")
 {¶ 14} However, the court's failure to resolve this issue is not fatal to our resolution of this assignment of error. Crim.R. 16(E)(3) sanctions are only triggered when the court makes a finding of failure to comply. The court does not need to make a finding that the state did not violate one of the provisions of Crim.R. 16. Therefore, because the trial court never found that the state failed to comply with Crim.R. 16(B)(1)(g), none of the possible sanctions contained in Crim.R. 16(E)(3) apply. Consequently, the trial court did not err when it refused to order sanctions.
 {¶ 15} Even if we assume that the trial court implicitly found that the state failed to comply with Crim.R. 16(B)(1)(g), we would still find that the trial court did not err when it refused to order a mistrial or exclude the testimony of the two witnesses.
 {¶ 16} The Ohio Supreme Court has stated that "prosecutorial violations of Crim.R. 16 result in reversible error only when there is a showing that (1) the prosecution's failure to disclose was willful, (2) disclosure of the information prior to trial would have aided the accused's defense, and (3) the accused suffered prejudice." State v. Jackson, 107 Ohio St.3d 53, at ¶ 131, 2005-Ohio-5981 citing State v. Parson (1983),6 Ohio St.3d 442, 445.
 {¶ 17} In addition, Crim.R. 33(E)(3) provides: "No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of * * * [t]he admission or rejection of any evidence offered against or for the defendant, unless the defendant was or may have been prejudiced thereby[.]"
 {¶ 18} "The granting or denying of a mistrial under Crim.R. 33 rests within the sound discretion of the trial court." Statev. Sage (1987), 31 Ohio St.3d 173, 182. "Further, the trial court enjoys broad discretion in admitting or excluding evidence. An appellate court will not disturb the exercise of that discretion absent a showing that the accused has suffered material prejudice." Id. (Citations omitted.)
 {¶ 19} Here, Scott contends that the state's failure to produce the statements "prevented counsel from being able to adequately cross examine the state's witnesses and therefore violated the spirit of the discovery rules." Scott does not mention, let alone demonstrate, how he was prejudiced by the state's failure to produce the two alleged written, signed statements. Therefore, pursuant to Parsons, Crim.R. 33(E)(3), and Sage, we find that the state's violation of Crim.R. 16(B)(1)(g) and the two witnesses' testimony did not prejudice Scott. Consequently, the trial court did not abuse its discretion when it denied Scott's motion for a mistrial, or in the alternative, his motion to exclude the testimony.
 {¶ 20} Accordingly, we overrule Scott's first assignment of error.
 III. {¶ 21} In his second assignment of error, Scott contends that the trial court erred when it denied his Crim.R. 29(A) motion for acquittal of his R.C. 2907.05(A)(5) gross sexual imposition charge. He contends that the "only evidence presented by the state * * * is testimony of a witness [victim] whose competency is at best questionable." He claims that the state improperly asked this victim leading questions. He further asserts that "the state also failed to present any physical evidence corroborating the charges against the appellant[.]"
 {¶ 22} R.C. 2907.05(A)(5) provides, "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when * * * [t]he ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 23} We review the trial court's denial of Scott's Crim.R. 29(A) motion for acquittal for sufficiency of the evidence.State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. When reviewing a case to determine whether the record contains sufficient evidence to support a criminal conviction, our function "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. See, also, Jackson v.Virginia (1979), 443 U.S. 307, 319.
 {¶ 24} This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues for the trier of fact. State v. Thomas
(1982), 70 Ohio St.2d 79, 79-80; State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 25} Here, Scott does not deny that the state produced evidence to satisfy each element of the gross sexual imposition offense. Instead, he first argues that we should not consider the evidence from the victim's testimony because her competency is questionable and her testimony was the product of the state asking her leading questions. However, Scott did not object to the victim's competency while she was testifying during the trial; and he did not object to any of the state's alleged leading questions. "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v.Glaros (1960), 170 Ohio St. 471, paragraph one of the syllabus. Therefore, Scott waived any errors regarding the victim's competency to testify and the state's leading questions.
 {¶ 26} Scott next argues that the state failed to corroborate the victim's testimony with any physical evidence. However, corroboration is not required for a conviction of gross sexual imposition. See, e.g., State v. Shafeek (Dec. 28, 1998), Montgomery App. No. 17149. See, also, State v. Economo (1996),76 Ohio St.3d 56, 58. Therefore, we find, after viewing the evidence in a light most favorable to the prosecution, that any rational trier of fact could have found the essential elements of gross sexual imposition proven beyond a reasonable doubt. Consequently, we find that the trial court did not err when it overruled Scott's Crim.R. 29(A) motion for acquittal.
 {¶ 27} Accordingly, we overrule Scott's second assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.