[Cite as *State v. Miller*, 2019-Ohio-3423.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-10-121 |
| | : | O P I N I O N |
| - vs - | | 8/26/2019 |
| | : | |
| PAUL D. MILLER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM FRANKLIN MUNICIPAL COURT
Case No. 18-05-CRB-3729


Steven M. Runge, 1 Benjamin Franklin Way, Franklin, Ohio, for appellee

Weisbrod Law Office, Alfred J. Weisbrod, P.O. Box 513, Dayton, Ohio 45409, for appellant


**RINGLAND, J.**

{¶ 1} Appellant, Paul Miller, appeals from his conviction for sexual imposition in the Franklin Municipal Court. For the reasons detailed below, we affirm.

{¶ 2} On May 26, 2018, Miller went to karaoke night at JD Legends, a bowling, concert, and music venue in Franklin. The dispute centers on sexual contact that Miller had with the victim, a 16-year-old girl, which Miller denies. The victim and three of her cousins (T.P., K.P., and H.P.) testified that Miller appeared intoxicated and paid extra attention to her throughout the evening, which led to several uncomfortable interactions. Miller admitted to

consuming alcohol, approximately four 23-ounce beers, but denied that he was intoxicated to the point of drunkenness.

{¶ 3} The victim testified that Miller was "acting a little weird." The victim stated that Miller called her a "fine girl" on multiple occasions. K.P. similarly testified that Miller praised the victim and came up to her "quite a few times talking to her and saying that she was fine * * * implying that she was cute." H.P. also observed Miller's behavior, stating that he paid a lot of attention to the victim. Miller stated that he was just quoting song lyrics and acknowledged that he may have "spooked" the victim but was merely trying to congratulate and encourage her karaoke. Miller, who describes karaoke as his life's passion, testified that he always congratulates singers to encourage them to sing and enjoy karaoke.

{¶ 4} The victim described the sexual contact as occurring very suddenly and out of the blue. According to her, while she was in the karaoke room, Miller suddenly touched her vagina and then grabbed K.P.'s, buttocks. After the contact, the victim stated that she "went straight into shock," didn't know what to do, and was scared. K.P. also testified that she observed Miller grab the victim's vagina and then walk by and place his hand on her own "lower back butt area." Miller denied that he touched the victim's vagina or K.P.'s buttocks, however he said that he may have patted their backs. Miller also surmised that the victim and her family fabricated the sexual contact to get him ejected from the bar as a ruse to get more opportunities to sing karaoke.

{¶ 5} Following the incident, the victim and K.P. exited the room. In the other room, the victim and K.P. discussed what had just occurred and decided to inform security. Miller was escorted from the premises and arrested by law enforcement.

{¶ 6} On May 29, 2018, Miller was named in a criminal complaint for sexual imposition in violation of R.C. 2907.06(A)(1), a third-degree misdemeanor. The matter was tried before the bench and the trial court found Miller guilty of the charged offense. Miller

now appeals, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THERE IS INSUFFICIENT EVIDENCE PRESENTED AT THE TRIAL COURT TO FIND APPELLANT GUILTY OF SEXUAL IMPOSITION BEYOND A REASONABLE DOUBT.

{¶ 9} In his first assignment of error, Miller argues that his conviction is not supported by sufficient evidence. Miller's argument is without merit.

{¶ 10} Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. *State v. Chapman*, 12th Dist. Butler No. CA2018-03-046, 2018-Ohio-4560, ¶ 13. When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In other words, "the test for sufficiency requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34. When evaluating the sufficiency of the evidence, this court must view all evidence in the light most favorable to the state and "defer to the trier of fact on questions of credibility and the weight assigned to the evidence." *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 132.

{¶ 11} Sexual imposition is defined in R.C. 2907.06 and provides "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he offender knows that the sexual contact is offensive to the other person, * * * or is reckless in

that regard." The Revised Code defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶ 12} Miller argues there was insufficient evidence that he touched the victim as described, that the alleged touching was for the purposes of sexual arousal or gratification, and that he knew his conduct would be offensive, or was reckless in that regard. Miller also maintains that there was insufficient corroboration to support his conviction.

{¶ 13} Miller alleges the victim only testified that he touched her "private parts," which he maintains is not an erogenous zone. However, following review of the trial testimony, we disagree with Miller's position as the record plainly indicates that the victim specified that Miller touched "her vagina." Though the victim initially stated that Miller touched her "private part," she also confirmed, multiple times, that Miller touched her vagina. Thus, there is sufficient evidence, along with corroboration discussed below, that Miller committed the relevant act of touching the victim's vagina. Similarly, the evidence is sufficient to establish that he knew his conduct would be offensive or was reckless in that regard.

{¶ 14} Furthermore, the evidence, if believed by the trier of fact, is sufficient to support the finding that the sexual contact Miller had with the victim was for the purpose of his own sexual gratification. The state presented evidence that Miller appeared intoxicated, was paying special attention to the victim, and referred to her as a "fine girl" in a flirtatious manner. Though Miller protests that he was merely singing the lyrics to a song, the issue of whether Miller was merely singing lyrics or singing lyrics as a way of flirting with the victim was a credibility determination for the trial court. In context of Miller's behavior throughout the evening, the fixation on the victim, and the evidence of flirtation, the trial court considered the nature of the touching and concluded the contact was for purposes of sexual arousal or

gratification. There was sufficient evidence for that finding.

{¶ 15} Next, Miller argues that the state failed to sufficiently corroborate the victim's allegations as required by R.C. 2907.06(B). Miller argues the "only possible corroborating witness" is K.P., and, again, Miller erroneously argues that her statement makes no specific reference to the alleged touching.

{¶ 16} Pursuant to R.C. 2907.06(B), "[n]o person shall be convicted of a violation of [sexual imposition] solely upon the victim's testimony unsupported by other evidence." In *State v. Economo*, 76 Ohio St.3d 56 (1996), the Ohio Supreme Court examined the corroboration requirement of R.C. 2907.06(B). The Court held that R.C. 2907.06(B) "does not mandate proof of the facts which are the very substance of the crime charged * * *." *Id.* at 59. Further, the Court found that the corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. *State v. Sanchez-Garza*, 12th Dist. Butler No. CA2016-02-036, 2017-Ohio-1234, ¶ 25. Slight circumstances or evidence that tends to support the victim's testimony is satisfactory. *Id.*

{¶ 17} In this case, K.P. testified that she observed Miller approach the victim and grab her vagina. K.P. then stated that Miller walked by and touched her own "lower back butt area." In addition to K.P.'s corroboration, the state introduced the testimony of the victim's family present at JD Legends who observed Miller's conduct throughout the evening in focusing and flirting with the victim. The trial court admitted the testimony of T.P., who testified that shortly after the altercation, the victim appeared "shaken" and "shocked" and told her that Miller "touched her in her privates."[1] In sum, the state presented more than sufficient evidence to corroborate the victim's testimony as required by R.C. 2907.06(B). As

---

1. The trial court admitted the victim's testimony on the basis that the statement was both a present sense impression under Evid.R. 803(B)(1) and an excited utterance under Evid.R. 803(B)(2).

a result, we find Miller's first assignment of error is without merit and is overruled.

**{¶ 18}** Assignment of Error No. 2:

**{¶ 19}** APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN COUNSEL FAILED TO INVESTIGATE AND OBTAIN DISCOVERY FROM THE STATE.

**{¶ 20}** In his second assignment of error, Miller alleges that he received ineffective assistance of counsel. Miller's argument is without merit.

**{¶ 21}** Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14. To prevail on an ineffective assistance of counsel claim, Miller must show his trial counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

**{¶ 22}** To demonstrate prejudice, Miller must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of trial would have been different. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 42. A "reasonable probability" is a probability that is "sufficient to undermine confidence in the outcome." *Id*. The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim. *Id.*

**{¶ 23}** In this case, Miller directs this court's attention to an interview between the detective investigating the case and the victim. Miller alleges that the victim did not describe the touching that occurred inside JD Legends. Instead, Miller argues that the victim only stated that Miller touched her "private parts" and did not mention her vagina. Therefore, Miller maintains that discussion of her vagina "comes into the case only after the detective completes his interrogation and coaching of the witnesses."

{¶ 24} However, according to the transcribed interview provided by Miller, he is once again incorrect with respect to what occurred during the interview. The victim clearly told the detective during interview that Miller touched her vagina. In pertinent part, the transcript of the interview states:

> Q. Okay. [Victim], why don't you tell me what happened tonight.
>
> A. Well, we were all having a good time like singing and this guy came in and he was like drunk like - - you know how drunk people - -
>
> Q. Uh-huh.
>
> A.- - are? So I got done singing. I was walking towards the table and that's when he came up and grabbed my - - you - - my vagina.

Thus, Miller's claim that there was "no mention of her vagina" is contradicted by his own evidence and his arguments in reliance thereof are clearly without merit.

{¶ 25} Miller then argues that there are references to a video of the scene at JD Legends that purportedly failed to capture the alleged touching on video. Miller argues that the video should have been obtained and used as exculpatory evidence on his behalf. However, even if such a video exists, Miller fails to establish that there is a reasonable probability that the result of the trial would have been different. Whether a video failed to capture the relevant contact does not mean that the contact did not occur. In this case, the trial court considered the credibility of all parties and witnesses and determined that Miller was guilty of the offending crime. Miller cannot show there is a reasonable probability that the result of trial would have been different.

{¶ 26} Accordingly, we do not find that Miller's trial counsel fell below an objective standard of reasonableness on any of Miller's claims. In addition, Miller fails to demonstrate prejudice that the result of the trial would have been different, but for any error by his trial counsel. As a result, we find Miller's second assignment of error is without merit and is

overruled.

**{¶ 27}** Judgment affirmed.

Hendrickson, P.J., and S. Powell, J., concur.