[Cite as *State v. Minera*, 2026-Ohio-1605.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-05-053 |
| vs. | : | OPINION AND JUDGMENT ENTRY 5/4/2026 |
| BENJAMIN MINERA, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA II COURT
Case No. CRB 2400542

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

## **O P I N I O N**

**M. POWELL, J.**

{¶ 1} Appellant, Benjamin Minera, appeals his conviction in the Butler County Area II Court for sexual imposition.

{¶ 2} On July 2, 2024, the Butler County Grand Jury indicted appellant on one

count of sexual imposition, a third-degree misdemeanor, in violation of R.C. 2907.06(A)(1). The indictment provided that,

> On or about June 16, 2023, in Butler County, Ohio, Benjamin Minera did have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when the offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard, which constitutes the offense of SEXUAL IMPOSITION, a Third Degree Misdemeanor, in violation of R.C. §2907.06(A)(1), and against the peace and dignity of the State Of Ohio.

{¶ 3} Because the offense was a misdemeanor, the matter was certified to the Butler County Area II Court for further proceedings. Appellant requested a bill of particulars, which the State provided. The bill of particulars stated that,

> On or about June 16, 2023, in Butler County, Ohio, Benjamin Minera did have sexual contact with another, not the spouse of the offender when the offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard, which constitutes the offense of SEXUAL IMPOSITION, a Third Degree Misdemeanor. in violation of R.C. §2907.06(A)(1), and against the peace and dignity of the State Of Ohio. To wit: Benjamin Minera, for purposes of sexual arousal and/or gratification, did massage the breast and/or vaginal area of client K.L., knowing that such sexual contact was offensive to K.L. or was reckless in that regard.

{¶ 4} The matter proceeded to a bench trial. On December 5, 2024, the trial court found appellant guilty as charged. The trial court sentenced appellant to a suspended 60-day jail sentence and two years of community control, and classified him as a Tier I sex offender.

{¶ 5} Appellant now appeals, raising four assignments of error. His first three assignments of error challenge his sexual imposition conviction and will be considered together. His fourth assignment of error argues cumulative errors.

{¶ 6} Appellant was convicted of sexual imposition in 2024 in violation of R.C.

- 2 -

2907.06(A)(1), which at the time, prohibited an offender from "hav[ing] sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when . . . [t]he offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard."[1] The sexual imposition statute further provided, "No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence." R.C. 2907.06(B). This provision is known as the "corroboration requirement." *State v. Economo*, 1996-Ohio-426, ¶ 6.

{¶ 7}   Appellant's first three assignments of error are premised upon his argument that "corroboration is now an element of sexual imposition" following the Ohio Supreme Court's decision in *State v. Bevly*, 2015-Ohio-475. Accordingly, appellant argues that because the indictment failed to include corroboration as an element and was never amended by the State, and the bill of particulars did not address corroboration, (1) the indictment was defective because it failed to notify appellant that corroboration was an element, (2) the indictment failed to state an offense, and thus, appellant was convicted for a non-offense in violation of his due process right, and (3) the trial court erred by convicting appellant of sexual imposition without finding corroboration as an element proven beyond a reasonable doubt. Appellant asserts that his first and third assignments of error are reviewed for plain error.

**Standard of Review**

{¶ 8}   Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Plain

---

1. R.C. 2907.06 was amended by 2024 S.B. 109. A new version of the statute went into effect on March 21, 2025.

error exists where there is an obvious deviation from a legal rule that affected the defendant's substantial rights by influencing the outcome of the proceedings." *State v. Barrow*, 2026-Ohio-1236, ¶ 37 (12th Dist.). "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *Id.* "Notice of plain error is taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.* The burden of demonstrating plain error is on the party asserting it. *State v. Quarterman*, 2014-Ohio-4034, ¶ 16.

**The Corroboration Requirement of R.C. 2907.06(B)**

{¶ 9} The Ohio Supreme Court addressed the corroboration requirement of R.C. 2907.06(B) in *Economo*, holding that the "corroboration requirement does not mandate proof of the facts which are the very substance of the crime charged." *Economo*, 1996-Ohio-426, at ¶ 12. Rather, "[t]he corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory." *Id.* In other words, "[t]he corroboration requirement of R.C. 2907.06(B) is a threshold inquiry of legal sufficiency to be determined by the trial judge, not a question of proof, which is the province of the factfinder." *Id.* Applying *Economo*, this court and other courts have also held that corroboration is not an element of the offense of sexual imposition, but a mere ancillary evidential requirement that the trial court must decide. *State v. Bell*, 2009-Ohio-2335, ¶ 67 (12th Dist.); *State v. Menke*, 2003-Ohio-77, ¶ 25 (12th Dist.); *State v. White*, 2005-Ohio-4506, ¶ 12 (4th Dist.); *Akron v. Myers*, 2002-Ohio-1112, ¶ 17 (9th Dist.).

{¶ 10} Appellant nonetheless asserts that "corroboration is now an element" of the offense of sexual imposition, contrary to *Economo* and our case law clearly stating otherwise, based upon the following sentence in *Bevly*: "Although R.C. 2907.06(B) does

- 4 -

contain a corroborating-evidence requirement, that requirement is fundamentally different from the one before us because it constitutes an element of the offense." *Bevly*, 2015-Ohio-475, at ¶ 10. As we recently explained, this argument is incorrect

{¶ 11} In *Bevly*, the supreme court considered the constitutionality of R.C. 2907.05(C)(2)(a), a subsection of the former version of the gross sexual imposition statute. At the time, R.C. 2907.05(C)(2)(a) provided that there was a presumption a prison term would be imposed for a violation of the statute, but that a prison term was mandatory when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." The supreme court held that the corroborating-evidence provision of R.C. 2907.05(C)(2)(a) violated the due-process protections of the Fifth and Fourteenth Amendments to the United States Constitution because there was "no rational basis for imposing greater punishment on offenders based only on the state's ability to produce additional evidence to corroborate the crime." *Bevly* at ¶ 18, 29. The supreme court further held that R.C. 2907.05(C)(2)(a) violated the Sixth and Fourteenth Amendments to the United States Constitution because it denied the defendant's right to a jury trial by requiring enhancement of the penalty based upon a factor (i.e. corroborating evidence) not found by a jury. *Id.* at ¶ 29. In reaching this conclusion, the supreme court referred to the corroboration requirement of R.C. 2907.06(B) and mentioned in passing that "[a]lthough R.C. 2907.06(B) does contain a corroborating-evidence requirement, that requirement is fundamentally different from the one before us because it constitutes an element of the offense." *Id.* at ¶ 10.

{¶ 12} We recently rejected an argument identical to appellant's in *State v. Snapp*, 2025-Ohio-5276 (12th Dist.). There, we held that "while *Bevly* referred to the corroboration requirement of the sexual imposition statute as 'an element of the offense,' it did not overrule, clarify, or otherwise alter the Supreme Court of Ohio's decision in

*Economo*, which held otherwise." *Id.* at ¶ 21, citing *State v. Betts*, 2020-Ohio-4800, ¶ 17 (9th Dist.). "Rather, *Bevly* cited *Economo* favorably and reiterated that the standard for corroboration was 'low,' i.e., 'anything other than the victim's testimony' could satisfy the corroboration requirement." *Snapp* at ¶ 21. We also note that corroboration as "an element of the offense" of sexual imposition was not decided by the supreme court in *Bevly*, as reflected by its absence in the court's syllabus. *See State ex rel. Leonard v. White*, 1996-Ohio-204, ¶ 10, quoting former S.Ct.R.Rep.Op. 1(B) ("the syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication"). Moreover, it was unnecessary in *Bevly* to address the import of the corroboration requirement of R.C. 2907.06(B) in determining whether R.C. 2907.05(C)(2)(a) denied an offender the right to a jury trial or constitutionally permitted different treatments of corroborated and uncorroborated gross sexual impositions.

{¶ 13} Therefore, as we did in *Snapp*, "we find [that] the *Bevly*'s reference to corroboration as an 'element of the offense' was mere dicta." *Snapp* at ¶ 21. "'Dicta' refers to expressions in an opinion that go beyond the facts necessary to resolve the issues at hand and are therefore not binding in subsequent cases as legal precedent." *Id.* Accordingly, *Economo* remains the law on the matter, and the corroboration requirement of R.C. 2907.06(B) is not an element of the offense of sexual imposition. This determination is in line with other Ohio appellate decisions continuing to apply the holding in *Economo* that the corroboration requirement of R.C. 2907.06(B) is merely a threshold of legal sufficiency and not a question of proof for the finder of fact. *Id.* at ¶ 22. *See State v. Guerra*, 2023-Ohio-2920, ¶ 38 (3d Dist.); *State v. Hawkins*, 2023-Ohio-2634, ¶ 7 (9th Dist.).

{¶ 14} Appellant also argues that *Economo* and its progeny have been "undone"

- 6 -

by the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that "[a]cknowledging as much, the Ohio Supreme Court reversed itself [in *Bevly*], holding that Sexual Imposition's corroborating-evidence requirement . . . constitutes an element of the offense". In *Apprendi*, the defendant pled guilty to firearm possession charges as part of a plea agreement. Under state law, the offenses carried a maximum prison term of ten years. However, the state trial court imposed a longer sentence under the state's hate crime statute upon finding by a preponderance of the evidence that the defendant had committed the crimes with the purpose to intimidate because of race. The Supreme Court held that this sentencing scheme was unconstitutional because

> any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. . . . "It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

*Apprendi* at 490, quoting *Jones v. United States*, 526 U.S. 227, 252-253 (1999).

{¶ 15} As we did in *Snapp*, we reiterate that the argument *Economo* was "undone" by *Apprendi* is "incorrect. *Apprendi* addressed an unrelated issue: whether a trial court may enhance a criminal defendant's sentence based on facts not found by the jury." *Snapp*, 2025-Ohio-5276, at ¶ 20 (12th Dist.). Furthermore, as stated above, *Bevly* does not stand for the proposition that the corroboration requirement of R.C. 2907.06(B) is an element of the offense of sexual imposition. The supreme court's dicta comment cannot be reasonably considered as the supreme court "reversing itself" as to *Economo*. We also note that *Apprendi* was not cited in the majority opinion in *Bevly* and was first cited in the dissenting opinion.

{¶ 16} In light of the foregoing and consistent with the Ohio Supreme Court's decision in *Economo* and this court's decisions in *Bell* and *Menke*, we once again "hold that the corroboration requirement remains a matter for determination by the trial court judge, not a jury." *Snapp* at ¶ 23, citing *State v. Miller*, 2019-Ohio-3423, ¶ 16 (12th Dist.) (applying *Economo*). Because corroboration is not an element of the offense of sexual imposition under R.C. 2907.06, the indictment was not defective for not including corroboration, the indictment did not fail to state an offense, and the trial court did not err by convicting appellant of sexual imposition without finding corroboration as an element proven beyond a reasonable doubt. Appellant failed to show there was a "deviation from a legal rule" for purposes of establishing plain error. As there was no error, plain or otherwise, appellant's first three assignments of error are overruled.

## Cumulative Errors

{¶ 17} In his fourth assignment of error, appellant argues that in light of the errors outlined in his first three assignments of error and his trial counsel's failure to object to them, the cumulation of these errors resulted in ineffective assistance of counsel and established prejudice necessitating reversal of his conviction for sexual imposition.

{¶ 18} Under the doctrine of cumulative errors, a reviewing court will reverse a conviction when the cumulative effect of errors deprives a defendant of a fair trial even though each of the instances of trial-court error does not individually constitute cause for reversal. *State v. Kirkland*, 2014-Ohio-1966, ¶ 140. To prevail on an ineffective assistance of counsel claim, appellant must show that his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Clarke*, 2016-Ohio-7187, ¶ 49 (12th Dist.); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Each assertion of ineffective assistance of counsel going to cumulative error depends on the merits of each individual claim; when none of the individual claims of ineffective assistance of counsel have merit,

cumulative error cannot be established simply by joining those meritless claims together." *State v. Graham*, 2020-Ohio-6700, ¶ 170.

{¶ 19} There is no merit to appellant's assertion that the cumulation of alleged errors resulted in ineffective assistance of counsel, because as discussed more fully above, we have found no merit to appellant's first three assignments of error. Thus, appellant cannot demonstrate cumulative errors. *State v. Kaufhold*, 2020-Ohio-3835, ¶ 63 (12th Dist.). Accordingly, finding the cumulative error doctrine inapplicable to the case at bar, appellant's fourth assignment of error is overruled.

{¶ 20} Judgment affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.

- 10 -

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Area II Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Mike* Powell, Judge